No. 13215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

ORVIS C. LOVELY and DONALD R. LAUBACH,

Plaintiffs and Appellants,

-vs-

BURROUGHS CORPORATION, a corporation,

Defendant and Respondent.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Charles B.Sande, Judge presiding.

Counsel of Record:

For Appellants:

Josephson and Fredricks, Big Timber, Montana
Conrad B. Fredricks argued, Big Timber, Montana

For Respondent:

Henson and Tully, Minneapolis, Minnesota
Robert Henson argued, Minneapolis, Minnesota
Landoe and Gary, Bozeman, Montana
Joseph B. Gary appeared, Bozeman, Montana

---

Submitted: March 1, 1976

Decided: APR 9 1976

Filed: APR 3 - 1976

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by plaintiffs from the action taken by the district, Park County, pursuant to our earlier opinion and remand in Lovely and Laubach v. Burroughs Corporation, 165 Mont. 209, 527 P.2d 557, 31 St.Rep. 824.

Following remand the district court held a further hearing and received additional evidence concerning one item of damages, viz. plaintiffs' loss on the sale of their Livingston accounting practice. Thereafter the district court entered the following:

### "ADDITIONAL FINDINGS OF FACT AND JUDGMENT

"This cause was remanded by the Montana Supreme Court on October 21, 1974, with directions to reconsider Finding of Fact No. 13 and the item of 'Loss of sale of Livingston business' contained in paragraph 4 of the Conclusions of Law, and also to consider the Motion to Re-tax Costs.

"On April 4, 1975, the Court heard further testimony on the item of damages. Evidence upon the part of the plaintiff reaches a high of $48,966.00, and evidence on the part of the defendant reaches a low of $17,398.00. No convincing reasons appear to the Court that the particular sale was a forced sale and furthermore the Court is not overly convinced with the testimony of either side considering this item of damages, therefore,

"IT IS ORDERED the original Amended Findings of Fact and Conclusions of Law should stand as originally filed.

"IT IS FURTHER ORDERED that the item in plaintiffs' Memorandum of Costs totaling $603.28 be reduced and allowed in the amount of $117.18.

"Each party to bear their own costs on this appeal.

"Dated this 4th day of August, 1975."

Plaintiffs now appeal from this determination and from the district court's refusal to amend it in conformity with plaintiffs' request.

Plaintiffs list the following issues for review in their appeal which we will summarize as follows:

(1) Did the district court err in receiving additional evidence following remand?

(2) Did the district court err in fixing the amount of damages for the loss on the sale of the Livingston accounting business of plaintiffs?

(3) Did the district court err in taxing the costs of the transcript of the hearing following remand against plaintiffs?

We hold the district court did not commit error in holding a further hearing and receiving additional evidence over the objections of plaintiffs concerning the loss on the sale of plaintiffs' Livingston accounting practice. This matter was left to the discretion of the trial court in our opinion ordering remand. We simply remanded " * * * for a redetermination of the amount of damages arising from the loss on the sale of the Livingston business" without direction or restriction on the method to be utilized by the district court. Where a case is remanded under such circumstances, it is for the trial court to determine in its discretion whether the record before it is sufficient for this purpose or whether additional evidence should be taken to supplement the record. S Creek Ranch, Inc., a corporation v. Monier & Company, ____Wyo.____, 518 P.2d 930; Sokel v. Nickoli, 356 Mich. 460, 97 N.W.2d 1; Fullerton Lumber Co. v. Torborg, 274 Wisc. 478, 80 N.W.2d 461.

We further hold that the district court erred a second time in fixing the amount of plaintiffs' damages for their loss on the sale of their accounting business in Livingston. At the original trial the only testimony on this item of damages was that of Mr. Pyfer who fixed the range of damages between $28,801 and $48,960. The district court fixed the damages on this item at $3,268. We remanded to the district court for redetermination of this item of damages. Lovely & Laubach v. Burroughs Corporation, supra.

- 3 -

Upon remand the district court held another hearing to determine this item of damages. At this hearing three expert witnesses on the valuation of an accounting practice testified.

Mr. Pyfer's testimony was substantially the same as he gave at the trial. Mr. Broeker's testimony, in essence, was that the buyer of plaintiffs' Livingston accounting practice paid $1,352 more than its value so plaintiffs' suffered no damage on the sale. Mr. Anderson's testimony was that the sale price was about right so plaintiffs suffered no damage on the sale of their accounting practice.

The district court thereupon held that its original determination of this item of damages at $3,268 should stand.

This is incredible! The district court fixed the damages in an identical amount down to the last dollar on the basis of two different records. The amount of damages was outside the range of any testimony or evidence. There is simply nothing in the record either at the trial or in the subsequent hearing that supports an award of $3,268 for plaintiffs' loss on the sale of their Livingston accounting practice.

Accordingly we vacate the "ADDITIONAL FINDINGS OF FACT AND JUDGMENT" of the district court dated August 4, 1975. We remand again to the district court for prompt determination of damages for plaintiffs' loss on the sale of their Livingston accounting practice. The district court is directed to make this determination on the basis of the record presently before it without additional hearing or reception of further evidence. The district court is further directed that after determining this item of damages within the range of the evidence, to retax costs accordingly, and enter judgment in conformity with this opinion and our previous opinion in this cause.

_____
Justice

- 4 -

We concur:

*Tom L. Daly*

*John Conway Harrison*

*Wesley Castles*

Justices

*Robert J. Boyd*

Hon. Robert Boyd, district judge,
sitting in place of Mr. Chief
Justice James T. Harrison.