M & R CONSTRUCTION COMPANY, A MONTANA CORPORATION, PLAINTIFF AND APPELLANT, v. JAMES R. SHEA AND MARY G. SHEA, DEFENDANTS AND RESPONDENTS.

No. 14152.
Submitted Dec. 14, 1978.
Decided Jan. 9, 1979.
589 P.2d 138.

78

Leonard J. Haxby (argued), Butte, for plaintiff and appellant.

Lawrence G. Stimatz (argued), Butte, for defendants and respondents.

MR. JUSTICE HARRISON delivered the opinion of the Court.

Plaintiff brought this action in the District Court of the Second Judicial District, County of Silver Bow, to foreclose a mechanic's lien against the owners of two buildings on which it had done work. On July 18 and 19, 1977, a trial was held before the Honorable James D. Freebourn, sitting without a jury, resulting in a judgment in favor of defendants. Plaintiff appeals and defendants cross-appeal.

In late 1974, Charles and Barbara Lovelace purchased on contract a building housing the Cabaret Lounge in Butte, Montana, from Clarence DeDycker and Francis Wallace. The building was adjacent to a building owned by defendants James and Mary Shea. The Lovelaces subsequently purchased the adjoining building on a contract for deed from defendants for the purpose of expanding their business to include a restaurant. The contract, dated April 15, 1976, contained the following language:

"Purchaser is hereby authorized to make improvements on the property according to the plans and specifications attached hereto and made a part herewith providing that in making such improvements or alterations, the Purchaser shall keep the building free and clear of mechanic's liens and be responsible for any debts incurred in remodeling said building . . ."

The plans and specifications referred to were never attached to the Contract for Deed. Mr. Shea says he gave the Lovelaces permission to cut two doorways in the dividing wall next to the bar and to remove a partition. He did not know or approve of any other work.

The Lovelaces entered into an oral contract with plaintiff, M & R Construction Company, a general contractor, to do extensive remodeling. The contract price ranged from $42,000 to $46,000. Shortly after the work had begun, the Lovelaces left Butte on a business trip. On May 29, 1976, the Lovelaces' attorney, Earl

Genzberger, notified plaintiff to stop the work on the remodeling. Subsequently, the Lovelaces were found shot in Denver about June 12, 1976.

On June 4, 1976, plaintiff filed a mechanic's lien in the amount of $41,261.97 against the property. On July 15, 1976, plaintiff filed a complaint for foreclosure of lien. Prior to trial plaintiff settled the part of his claim naming Clarence R. DeDycker and Francis G. Wallace. In its findings of fact and conclusions of law, the District Court found that the lien filed by plaintiff was not valid against the property of defendants "because there was no contract express or implied existing between Plaintiff and Defendants Shea; there was no valid contract for this work between Defendants Shea and the Contract Purchaser; Defendants Shea did not ratify the work." In addition, the District Court found that defendants had suffered damages in the amount of $2,200 and awarded them these damages. Judgment, including an award of attorney's fees, was entered on September 29, 1977. On October 12, 1977, plaintiff moved the District Court to strike the award of attorney's fees, and the court granted its motion on October 27.

Appellant presents, in effect, one issue for our consideration. It can be summarized and stated as follows:

1. Whether the judgment of the District Court finding the mechanic's lien filed by plaintiff against the property of defendants was invalid and awarding $2,200 in damages to defendants was supported by substantial evidence?

In respondents' cross-appeal, the following issue is presented for our determination:

1. Whether the District Court erred by amending the judgment entered in this case by striking its previous award of attorney's fees as part of defendants' costs?

This case involves the attempt of a contractor to establish and foreclose a mechanic's lien pursuant to section 45-501, R.C.M. 1947:

"Every mechanic, miner, machinist, architect, foreman, engineer, builder, lumberman, artisan, workman, laborer, and any

other person, performing any work and labor upon, or furnishing any material, machinery, or fixture for, any building, structure, bridge, flume, canal, ditch, aqueduct, mining claim, coal mine, quartz lode, tunnel, city or town lot, farm, ranch, fence, railroad, telegraph, telephone, electric light, gas, or waterworks or plant, or any improvements, upon complying with the provisions of this chapter, for his work or labor done, or material, machinery or fixtures furnished, has a lien upon the property upon which the work or labor is done or material is furnished."

The lien was filed against the property of owners who had contracted to sell their property to a third party under a contract for deed. The third party, apparently without the full knowledge or consent of the owners, made an oral contract with plaintiff in this case, M & R Construction Company, to do substantial remodeling work. Unfortunately, the third party defaulted on the contract for deed and has been unable to pay the contractor what he owes them.

■ However, to establish a valid lien against the property of another, there must be a contract, expressed or implied, between the owner of the property and the person seeking to impose the lien. *Intermountain Electric, Inc. v. Berndt* (1974), 164 Mont. 67, 71, 518 P.2d 1168, 1170. See also *Dewey Lumber Co. v. McQuirk* (1934), 96 Mont. 294, 30 P.2d 475.

". . . The rule is 'that no lien affecting the interests of the vendor or land can arise out of the doing of work or furnishing of materials pursuant to a contract with the purchaser. * * * A mere executory contract of purchase between others does not furnish a sufficient basis upon which to predicate a mechanic's lien against the owner of the land.' " *Dewey*, 96 Mont. at 299-300, 30 P.2d at 477.

■ In the instant case, there is substantial evidence to support the District Court's determination that defendants did not implicitly contract with plaintiff for the work performed, nor did they acquiesce to its performance.

"[The] findings [of the trial court] will not be disturbed on appeal where they are based on substantial though conflicting evidence."

*Olson v. Westfork Properties, Inc.* (1976), 171 Mont. 154, 557 P.2d 821, 823.

Accordingly, the trial court is affirmed.

With respect to the cross-appeal, section 93-8614, R.C.M.1947, provides that attorney's fees must be allowed in an action to foreclose a mechanic's lien:

"In an action to foreclose any of the liens provided for by sections 45-401 and 45-512 and sections 45-1001 to 45-1003, the court *must allow* as costs the money paid for filing and recording the lien, and a reasonable attorney's fee in the district and supreme courts, and such costs and attorney's fees must be allowed to each claimant whose lien is established, and such reasonable attorney's fees must be allowed to the defendant against whose property a lien is claimed, if such lien be not established." (Emphasis added.)

Plaintiff's motion to strike the provision of the final judgment awarding attorney's fees clearly falls within the framework of Rule 59(g), M.R.Civ.P., and should not have been considered because it was not timely made.

"A motion to alter or amend the judgment shall be served not later than 10 days after the service of the notice of the entry of the judgment, and may be combined with the motion for a new trial herein provided for. This motion shall be heard and determined within the time provided hereinabove with respect to a motion for a new trial."

As a result, the District Court's resulting order of October 27, 1977, is vacated and the judgment of September 29, 1977, is affirmed in its entirety. Attorney's fees in the amount of $1,000 are approved for the appeal.

MR. CHIEF JUSTICE HASWELL, JUSTICES DALY and SHEEHY, and M. JAMES SORTE, District Judge, sitting for MR. JUSTICE SHEA, concur.