MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Ray I. Berryman a real estate agent, as third party defendant, appeals from a judgment in the Fourth Judicial District Court, Missoula County, in favor of Lincoln Green, Inc., James L. Lee, Bert A. Nelson and Benita Nelson (Lincoln Green, Inc.), third party plaintiffs.
Berryman raises these issues for review:
(1) A principal may not be held liable to a third party for negligence of its agent where there is no proof of the agent’s liability to the third party.
(2) The District Court erred in concluding that the principal’s agent was negligent through his acts or omissions or by misrepresentation.
(3) A real estate agent’s negligence may not be established *308 without proof that he failed to use the standard of care exercised ordinarily by real estate agents in the community.
(4) The District Court improperly assessed damages against Berryman in the sum of $7,169.58, plus attorney’s fees of $2,200.00
After due consideration, we conclude that the judgment of the District Court should be affirmed.
In 1975, Lincoln Green, Inc. was offering for sale parcels of a subdivided ranch located in Ravalli County, Montana. As part of its selling effort, Lincoln Green, Inc. permitted licensed real estate agents to show various parcels which were for sale, without entering into a listing agreement with such real estate agents. If a real estate agent showed any of the parcels and found a buyer, the agent who had shown the property presented a buy-sell agreement, executed by the proposed purchaser to Lincoln Green, Inc., for its approval and signature.
In 1975, Berryman presented to Lincoln Green, Inc., a buy-sell agreement executed by Roger J. McCarty, Janice L. McCarty, Robert J. McCarty and Carol McCarty (McCartys) as purchasers. On September 1, 1975, Lincoln Green, Inc. and McCartys entered into a contract for deed for the sale and purchase of a lot which was described in the contract as “the south one-half of Lot 32.” The written contract contained in paragraph 18, language that the McCartys “. . . acknowledge that they have examined and inspected the property and are fully familiar and acquainted therewith and that they are entering into this Agreement based on their own examination and inspection, and that no representations of any kind concerning the property have been made by the Sellers or anyone acting on behalf of the Sellers.”
One year after the execution of the contract for deed, the Mc-Cartys initiated legal action against Lincoln Green, Inc., Berryman, and Berryman’s bonding company. Lincoln Green, Inc., responded by filing its third party complaint against the real estate agent Berryman as third party defendant.
The McCartys alleged that the agent Berryman had improperly *309 identified the real property which he showed to the McCartys. It was alleged that Berryman showed the McCartys a lot designated as “Lot 31,” and identified the lot to the McCartys as being the “south half of Lot 32.” McCartys further claimed that when they executed the buy-sell agreement on the contract for deed for the purchase of the south half of Lot 32, they thought that they were in fact buying the real property which is Lot 31. Three months before McCartys had executed their contract, Lot 31 had been sold.
While the litigation was pending, and before trial in the District Court, Lincoln Green, Inc. and the McCartys entered into an agreement for settlement as to the litigation between them. Lincoln Green, Inc. advised Berryman in advance of the proposed settlement, but Berryman declined to participate in the settlement in any form. The consideration for the settlement was $7,169.58. Lincoln Green, Inc. incurred attorney’s fees of $2,200.00 in connection with the suit against it by the McCartys.
After trial between Lincoln Green, Inc. and Berryman, on the third party complaint, the District Court found that Berryman had a duty to his principal reasonably to establish the location of the parcel by geographical landmarks and that this duty existed particularly where the seller, Lincoln Green, Inc., did not have an existing relationship with the McCartys and did not participate in the showing of the parcel or the preparation of the buy-sell agreement except to the extent that Lincoln Green, Inc. prepared the documents of transfer.
The District Court concluded that Berryman was negligent in his scope as a broker salesperson in his failure properly to identify the parcel owned by Lincoln Green, Inc., and by misrepresenting the parcel to the McCartys, contrary to the duty a real estate agent owes to his principal as established by the standards accepted by the profession in the State of Montana.
Accordingly, judgment was entered by the District Court and this appeal followed.
We will consider together the first two issues raised by Berry-man. Berryman contends that Lincoln Green, Inc. may not be held *310 responsible to the McCartys unless Berryman himself was liable to the McCartys. Thus, he contends that Lincoln Green, Inc. may recover damages paid to the McCartys only if Lincoln Green, Inc. proves that Berryman was tortious and that no defenses available to Berryman could relieve the agent from liability to the McCartys. Berryman then contends that the District Court erred in finding either that he was negligent or that there was a misrepresentation of property which gave rise to a legitimate claim against Lincoln Green, Inc.
Berryman’s argument on this point is grounded on evidence that the real estate agent told McCartys at the time they went out that he wasn’t sure of the exact location of the property and therefore, the McCartys assumed “any risk associated” in locating the correct parcel; and on paragraph 18 of the written contract whereby the McCartys disclaimed any reliance in entering into the contract upon anything other than their own examination and inspection of the premises.
Berryman relies on our recent case of Schulz v. Peake (1978), 178 Mont. 261, 583 P.2d 425, 35 St.Rep. 1295. In that case, the purchaser of a motel property sued for fraudulent misrepresentations in the sale, contending they were told that they were getting 13 acres in addition to the motel. A year after the purchase, the buyers discovered they had only 1.3 acres of land. The purchase agreement had in it a similar provision to paragraph 18 in this case, to the effect that the purchasers had conducted their own examination and were relying on that and not on any representation made to them by the sellers or the sellers’ agents. This Court held that because of the contractual provisions, as well as the evidence that the purchasers had in fact inspected the property numerous times when the boundary lines were pointed out to them, and in none of the sales agreements was the figure “13 acres” included, the motel and the parcel containing 1.3 acres were properly described in the transfer agreements.
Schulz, supra, is distinguishable from the facts in the case at bar. Although the McCartys contracted that they had in fact inspected *311 the premises and relied on their own inspection, it is also true that they had inspected the wrong property and that the inspection of the wrong property was brought about through the failure of the real estate agent properly to identify the property that he was showing to the prospective buyers.
Thus, in this case, Lincoln Green, Inc., incurred a liability to the McCartys because a seller is bound by misrepresentations made by a real estate broker or agent as to the location of the property, or as to the particular lot or tract which was for sale. Blanke v. Miller (1954), 364 Mo. 797, 268 S.W.2d 809; Williams v. Ritcheson (Tex.Civ.App.1948), 212 S.W.2d 813.
Under section 28-10-602, MCA, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business.
Neither assumption of risk nor contributory negligence were pleaded as affirmative defenses. This Court will not pass on issues not raised in the District Court. Chadwick v. Gilberson, 618 P.2d 1213 (Ariz.1980, 37 St.Rep. 1723)
Berryman next contends that the Court improperly concluded that he was negligent because there was no evidence before the District Court as to the standard of care ordinarily exercised by real estate agents in the community in like circumstances. In its conclusions of law, the District Court found that Berryman was negligent in failing properly to identify the parcel to be sold, thereby misrepresenting the parcels of the purchasers “contrary to the duty a real estate agent owes to his principal as established by the standards accepted by the profession in the State of Montana.” The language in the conclusions respecting the standards accepted by the profession in Montana appears to be gratuitous, because no evidence of the standards was presented at the trial.
We find no error on this point. An agent is responsible to third parties as a principal, when his acts are wrongful in their nature. Section 28-10-702(3), MCA. No standard could be countenanced by the real estate brokers’ profession, accepting as a *312 reasonable standard of care the showing of the wrong property on behalf of a prospective seller to a prospective purchaser.
The last issue raised by Berryman relates to the damages awarded by the District Court. When the McCartys discovered that after making improvements upon the property which they thought was theirs, that the agreements described the wrong property, they did not seek rescission, but instead sued for damages. They sought not only actual damages, but punitive damages in a sum in excess of $107,660.00. The court found that Lincoln Green, Inc. and the McCartys entered into an arms-length negotiation whereby Lincoln Green, Inc., credited the unpaid balance on an existing contract for deed for the wrong parcel by the sum of $2,500.00; interest on the unpaid balance was forgiven in the sum of $2,108.08; and it obtained an access suitable to McCartys for the other property in the sum of $2,500.00. There was also the cost of $61.50 for a current title commitment and insurance policy, and Lincoln Green, Inc. incurred legal fees in the amount of $2,200.00 in the defense of the original litigation.
Berryman claims that in cases of a negligent misrepresentation, the measure of damages should be the difference in the value of the property received in the transaction and his purchase price or other value given for it, and the pecuniary loss suffered otherwise as a consequence of the misrepresentation, citing Restatement of Torts § 552(b). Here, Berryman claims there is no evidence offered to substantiate that there was a difference in value between the property actually received by the McCartys and what the McCartys actually paid for it.
The District Court decided the issues in favor of Lincoln Green, Inc., in this case, on tort liability of the agent. The measure of damages for tort liability is controlled by section 27-1-317, MCA. It provides:
“For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detri *313 merit proximately caused thereby, whether it could have been anticipated or not.”
It is the intent and purpose of our statutes, except for liquidated damages, agreed damages, or exemplary damages, that damages be compensatory and are properly awarded when they serve to compensate the plaintiff for the detriment proximately caused by the defendant. Lovely v. Burroughs Corporation (1974), 165 Mont. 209, 527 P.2d 557, appeal after remand, 169 Mont. 454, 548 P.2d 610. The damages awarded by the District Court here meet the statutory test of section 27-1-317, MCA, and were properly awarded.
Affirmed.
MR. CHIEF JUSTICE HASWELL and JUSTICE HARRISON concur.