No. 88-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

LAVERN GARMANN,

          Claimant and Appellant,

   -vs-

E.R. FEGERT CO.,

          Employer,

    and

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

          Defendant and Respondent.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford, Billings, Montana

    For Respondent:

        L. Randall Bishop; Bishop & Jarussi, Billings, Montana

Submitted on Briefs: Sept. 1, 1988

Decided: November 3, 1988

Filed:

_____
Clerk

FILED
'88 NOV 3 AM 11 31
CLERK
MONTANA SUPREME COURT

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Claimant and appellant, Lavern Garmann, appeals the denial to reopen the case for reconsideration of attorney fees by the Workers' Compensation Court, Honorable Timothy Reardon presiding.

We decide that the issue to be determined is whether appellant's failure to appeal in a timely fashion prohibits the Supreme Court from hearing the case for lack of jurisdiction.

Lavern Garmann suffered multiple injuries while working for E. R. Fegert Co., in Zortman, Montana. The injuries sustained by Garmann included fractures of the pelvis, ribs, lumbar spine and nerve damage to the upper right extremities. Fegert's insurer, Employer's Insurance Company of Wausau, paid temporary total disability benefits to the claimant from the date of the injury, March 21, 1981, through December 6, 1982. Permanent partial disability benefits were paid from December 7, 1982, through April 28, 1983. When Wausau learned that Garmann has returned to work as a front-end alignment mechanic, it suspended benefits. Benefit payments were reinstated on January 27, 1984, when the insurer received notice that claimant was not physically able to continue work.

From the trial of February 4, 1985, Judge Reardon's findings of fact, conclusions of law and judgment were filed on April 22, 1986. Judge Reardon stated that claimant was entitled to reasonable attorney fees and costs pursuant to § 39-71-612, MCA. The attorney fees award was to be calculated as set forth in § 39-71-614, MCA (1985). The judgment also stated that the parties had twenty days in which to request a hearing from the findings of fact, conclusions of law and judgment. On May 12, 1986, the claimant filed

objections to the Workers' Compensation Court's findings of fact, conclusions of law, and judgment and requested a new hearing. The request was denied on July 1, 1986.

On July 22, 1986, a hearing to consider reasonable attorney fees was held. At the hearing, the claimant's attorney alleged that $225 was his normal billing rate and that he had spent 160 hours on the case, totaling $36,000. Defendant contended that a more reasonable billing rate was $85 per hour. In an order filed on July 30, 1986, the court settled on $85 per hour multiplied by 160 hours and awarded $13,600 to the claimant's attorney. Claimant also received costs equaling $1,628.25.

A Satisfaction of Order Awarding Attorney Fees was filed on August 20, 1986, signed by Garmann's attorney.

The case was appealed to the Supreme Court on August 20, 1986, and decided on April 21, 1987. The issues were: (1) whether the claimant was entitled to a lump sum in benefits, and (2) whether a 20 percent penalty should be imposed against the insurer for terminating the claimant's benefits. However, no issue of attorney fees was raised.

Nearly two years after the original judgment by the Workers' Compensation Court and twenty months after the hearing to consider reasonable attorney fees, claimant petitioned to reopen the case for reconsideration of awarded attorney fees to which defendant objected, and on April 13, 1988, was denied by the Workers' Compensation Court. The grounds for denying reopening the case was that the claimant was barred from petitioning by res judicata. After the July 30, 1986, order awarding attorney fees, claimant failed to file for a new trial or hearing to discuss attorney fees within the twenty days required by Rule 2.52.344 of the Workers' Compensation Court Rules. Moreover, claimant failed

to appeal the July 30, 1986, order to the Supreme Court within the thirty days required by Rule 5, M.R.App.P.

Notice of appeal was filed on May 10, 1988.

The sole issue is whether the claimant is barred from appealing because he failed to file a timely notice of appeal with this Court.

Claimant's attorney had two opportunities to attack the Workers' Compensation Court's decision concerning attorney fees. First, once the findings of fact, conclusions of law, and judgment were issued, according to Rule 2.52.344(1) of the Workers' Compensation Court Rules (1983):

> A party to the dispute may request a new trial or a hearing to determine the reasonableness of attorney fees before the Court within twenty (20) days after the order or judgment is filed and, if any party submits a request, the order or judgment issued by the Court shall not be considered a final decision of the Court for appeal purposes.

The judgment of the Workers' Compensation Court was filed April 22, 1986. Claimant petitioned the court for rehearing on May 12, 1986, within the required twenty days. This motion tolled the running of the statute until the court decided whether to grant a rehearing. On July 1, 1986, Judge Reardon denied the request for a new hearing. On July 22, 1986, a hearing was held to decide reasonable attorney fees and the order awarding attorney fees was filed on July 30, 1986.

Second, Rule 5(a)(1), M.R.App.P., states:

> In civil cases the notice of appeal required . . . shall be filed with the clerk of the district court within 30 days from the date of the entry of the judgment or order appealed from, except that in cases where service of notice of entry of judgment is required by Rule

4

77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment; . . .

Claimant's attorney did not file for appeal concerning attorney fees within the requisite thirty days. We hold that we do not have jurisdiction to determine the issues brought on appeal by the appellant. Once the judgment was submitted by the court, claimant had thirty days in which to protest the final decision regarding attorney fees.

There are a series of exceptions which are recognized in Rule 5, M.R.App.P., which suspend the time limitation for an appeal. As discussed in Rule 5(a)(4) they are as follows: (i) judgment notwithstanding the verdict under Rule 50(b), M.R.Civ.P.; (ii) Rule 52(b), M.R.Civ.P., motion to amend the decision or make additional findings; (iii) Rule 59, M.R.Civ.P., motion to alter or amend the judgment; or (iv) Rule 59, M.R.Civ.P., motion for new trial. Where these exceptions apply, the time for appeal for all parties runs from the entry of the order denying a new trial or granting or denying any other such motion. Rule 5(a)(5) also allows the suspension of the running of the time for appeal in cases where excusable neglect or good cause is shown.

The appellant in this case did not move for reconsideration of attorney fees in the Workers' Compensation Court or the Supreme Court until nearly two years after the court's decision. Neither did he move for any amendments of findings or new trial. Nor was there any showing of excusable neglect or good cause.

It is clear that the Workers' Compensation Court is governed by the Montana Administrative Procedure Act by direct mandate of § 2-4-623(5), MCA, which states: "Parties shall be notified either personally or by mail of any

5

decision or order." In Dumont v. Wickens Bros. Construction Co. (1979), 183 Mont. 190, 200, 598 P.2d 1099, 1105, we held that a party appealing from a decision of the Workers' Compensation Court is entitled to the benefit of the provision of Rule 5, M.R.App.P., which states:

> . . . except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment.

In McMahon v. Anaconda Co. (Mont. 1981), 38 St.Rep. 1233 (consolidated for purpose of appeal with a second appeal involving the same parties and reported in the Pacific Reporter as (Mont. 1984), 678 P.2d 661), we stated that there is no specific filing date of workers' compensation decisions in the Workers' Compensation Court since the court has no judgment book. All decisions are sent to the Workers' Compensation Division. Rule 2.52.344, Workers' Compensation Court Rules.

In the case on appeal, the claimant had twenty days after service of the order of July 30, 1986, granting attorney fees, within which to appeal to the Workers' Compensation Court for a rehearing. In addition, claimant had thirty days within which to appeal to the Supreme Court from the same order. Claimant's attorney failed to appeal to the Workers' Compensation Court until February 17, 1988, and the Supreme Court until May 10, 1988.

Failure to file timely notice of appeal from a Workers' Compensation Court proceeding prevents the Supreme Court from obtaining jurisdiction over the appeal. Rule 4(a), M.R.App.P.; Dumont v. Wickens, 183 Mont. at 198-199, 598 P.2d at 1103-1104; McDonald v. McDonald (1979), 183 Mont. 312,

313, 599 P.2d 356, 357; Price v. Zunchich (1980), 188 Mont. 230, 234, 612 P.2d 1296, 1298.

Affirmed.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices