No. 98-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 284N

CHARLES S. (CHUCK) BRAGG, JR.,

and PATRICIA S. BRAGG, husband and wife,

Plaintiffs and Respondents,

v.

WILLIAM D. McLAUGHLIN and SONJA

INDRELAND McLAUGHLIN, husband and wife,

Defendants and Appellants.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

Honorable John R. Christensen, Judge Presiding.

COUNSEL OF RECORD:

For Appellants:

Sonja Indreland McLaughlin and William D. McLaughlin, Pro Se,

No

Wilsall, Montana

For Respondents:

Joseph T. Swindlehurst, Huppert & Swindlehurst, Livingston, Montana

Submitted on Briefs: October 22, 1998

Decided: November 24, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. William D. McLaughlin and Sonja Indreland McLaughlin (hereinafter, the McLaughlins) appeal from the order of the Sixth Judicial District Court, Park County, denying their motion to rescind the entry of a judgment awarding punitive damages to Charles S. Bragg, Jr., and Patricia S. Bragg (hereinafter, the Braggs). We affirm.**

## ISSUE

**¶3. Did the District Court err in denying the McLaughlins' motion to rescind entry of a judgment awarding punitive damages to the Braggs?**

## BACKGROUND

¶4. The Braggs filed a complaint against the McLaughlins on June 29, 1994, seeking to quiet title to an easement across property belonging to the McLaughlins, to enjoin the McLaughlins from further interference with the Braggs' use and enjoyment of the easement, and for an award of compensatory and punitive damages for slandering the Braggs' title to the easement and real property. A bench trial was held and judgment entered in favor of the Braggs. On appeal to this Court, the judgment below was affirmed in part, reversed in part, and remanded back to the District Court on August 28, 1997, for reconsideration of an award of punitive damages pursuant to the provisions of § 27-1-221(7)(b), MCA.

¶5. Upon remand of the case, the District Court ordered a scheduling conference between the parties on November 13, 1997, so that a date could be set for a further hearing on the issue of punitive damages. Both parties were notified of the scheduling conference. The McLaughlins filed their first Motion for Substitution of District Judge on November 3, 1997. On November 6, 1997, the McLaughlins filed a motion for withdrawal of the order setting a scheduling conference. The District Court denied both of these motions by order dated November 14, 1997, and the scheduling conference went forward as calendared without the McLaughlins in attendance.

¶6. On November 24, 1997, the McLaughlins filed a Reinstatement of Motion for Substitution of District Judge. This motion was denied by the District Court on December 1, 1997. The court conducted an evidentiary hearing on the issue of punitive damages on January 30, 1998. The McLaughlins did not attend this hearing.

¶7. The District Court entered its "Findings of Fact, Conclusions of Law and Judgment after Remand Pursuant to § 27-1-221, MCA," on February 10, 1998. On February 19, 1998, the McLaughlins filed their motion to rescind entry of the District Court judgment awarding punitive damages to the Braggs. Currently pending is the McLaughlins' third motion for substitution of the district court judge filed on April 23, 1998.

## DISCUSSION

¶8. Did the District Court err in denying the McLaughlins' motion to rescind entry of a judgment awarding punitive damages to the Braggs?

¶9. Although labeled as a "motion to rescind entry of a document," the McLaughlins

identified this pleading at the time of filing as a motion to alter or amend judgment under the authority of Rule 59(g), M.R.Civ.P., and it will be treated as such for purposes of this appeal. *See Carr v. Bett*, 1998 MT 266, ¶ 24, ___ P.2d ___, 55 St.Rep. 1098, ¶ 24; *M&R Const. Co. v. Shea* (1979), 180 Mont. 77, 81, 589 P.2d 138, 140. Our standard of review of a district court's denial of a motion under Rule 59(g), M.R.Civ. P., is whether the trial court abused its discretion. *Ulrigg v. Jones* (1995), 274 Mont. 215, 219, 907 P.2d 937, 940; *Steer, Inc. v. Dep't of Revenue* (1990), 245 Mont. 470, 475, 803 P.2d 601, 603.

¶10. The first argument advanced by the McLaughlins as grounds for striking the District Court's post-remand judgment awarding $60,000 in punitive damages to the Braggs is that the evidentiary hearing conducted on January 30, 1998, was procedurally defective. It is the McLaughlins' contention that although "there are no rules of civil procedure which particularly apply to litigation sent back to the district court from the Supreme Court of Montana," our remand to the District Court "for further proceedings" on the issue of punitive damages mandated that the District Court proceed under the provisions of either § 27-8-313, MCA (supplemental relief on judgment for declaratory relief), Rule 59(a), (b), and (e), M.R.Civ.P. (motion for new trial), or Rule 59(f), M.R.Civ.P. (new trial ordered on initiative of the court). The McLaughlins further contend that the failure of the District Court to proceed under any one of these procedural devices in conducting the January 30, 1998 hearing renders the resulting judgment void.

¶11. This argument lacks any legal foundation. Our instructions to the District Court upon remand of this case were to reconsider the award of punitive damages in light of the requirements of § 27-1-221(7)(b), MCA, and for further proceedings consistent with the opinion of this Court. The remand to the District Court was "without direction or restriction on the method to be utilized by the district court. Where a case is remanded under such circumstances, it is for the trial court to determine in its discretion whether the record before it is sufficient . . . or whether additional evidence should be taken to supplement the record." *Lovely and Lauback v. Burroughs Corp.* (1976), 169 Mont. 454, 456, 548 P.2d 610, 612. *See also In re Marriage of Becker* (1992), 255 Mont. 357, 362, 842 P.2d 332, 334-35. "On remand, the trial court may consider or decide any matters left open by the appellate court, and is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." *Zavarelli v. Might* (1989), 239 Mont. 120, 125-26, 779

P.2d 489, 493 (quoting 5 Am.Jur.2d 420, 421, Appeal and Error, § 992 (1962)); *Haines Pipeline Const., Inc. v. Montana Power Co.* (1994), 265 Mont. 282, 290, 876 P.2d 632, 637.

¶12. Not only was the District Court not required to employ the procedural mechanisms available under § 27-8-313, MCA, Rule 59(a), (b), and (e), M.R.Civ.P., or Rule 59(f), M.R.Civ.P., as the McLaughlins contend, but the use of these provisions by the District Court would have been inappropriate given the procedural posture of this case. The purpose of § 27-8-313, MCA, is to enable the district court to retain jurisdiction to enforce its declaratory judgments at the request of an aggrieved party. *Goodover v. Lindey's, Inc.* (1990), 246 Mont. 80, 82, 802 P.2d 1258, 1260. At the time this case was remanded, the Braggs were not seeking enforcement of their judgment and had not filed a petition seeking such relief. Rather, the District Court was under a directive from this Court to reconsider whether the facts of the case supported the award of punitive damages, and if so, to comply with the requirements of § 27-1-221(7)(b), MCA, by setting forth the reasons justifying such an award.

¶13. The procedural guidelines outlined in Rule 59(a), (b), (e) and (f), M.R.Civ.P., were likewise inapplicable. A motion for new trial can only be made within ten days of the entry of a judgment. Rule 59(b), M.R.Civ.P. The McLaughlins' contention that either the Braggs or the District Court had ten days after the filing of the remittitur from the Clerk of the Supreme Court to initiate a new trial under Rule 59, M.R.Civ.P., grossly misstates the purpose and scope of Rule 59, M.R.Civ.P., by confusing the effect of the entry of a judgment with the effect of the issuance of a remittitur. Remand of a cause of action from this Court is not included among the permissible grounds for granting a new trial pursuant to the authority of Rule 59, M.R.Civ.P. Section 25-11-103, MCA. Rather, the District Court's reconsideration of the award of punitive damages was authorized by our order on remand, and further authorization under Rule 59, M.R.Civ.P., was not required in order for the District Court to schedule an evidentiary hearing on that issue.

¶14. The McLaughlins' second argument for striking the District Court's post-remand judgment is that the District Court lacked personal jurisdiction over them, because the lower court failed to personally serve them with a show cause order required under § 27-8-313, MCA. This argument also fails because, as we have previously discussed, the District Court was under no obligation to issue a show

cause order under § 27-8-313, MCA, in order to bring the pending issue of punitive damages to its final resolution at the trial level. Moreover, the McLaughlins' related contention that the evidentiary hearing was improperly held *ex parte,* as a result of the lack of personal service of process is an equally faulty statement of the law for the same reason.

¶15. The third and final argument presented by the McLaughlins on this appeal is that the district court judge who entered the judgment was not qualified to adjudicate this controversy due to the filing of the McLaughlins' motion for substitution of district court judge under § 3-1-804(1)(g), MCA. Section 3-1-804(1)(g), MCA, reads in pertinent part:

When a new trial is ordered by the district court, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. When on appeal the judgment or order appealed from is reversed or modified and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. <u>Such motion must be filed, with the required filing fee in civil cases, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur from the Supreme Court has been filed with the district court.</u> No other right of further substitution shall arise in cases remanded by the supreme court.

(Emphasis added.)

¶16. The Remittitur from the Clerk of the Supreme Court was filed in the District Court on October 2, 1997. The McLaughlins filed their first motion for substitution of the district court judge on November 3, 1997--thirty-two days after the remittitur was filed. The McLaughlins contend that their motion was timely because it was filed within 20 days of the time set for new trial by the District Court. This contention is not supported by the record, because, as discussed above, a new trial was never ordered by the District Court. Where an issue is retried on remand, it is the date of the filing of the remittitur that controls the timeliness of the motion for substitution of the district court judge. The McLaughlins' motion was therefore untimely filed and is void for all purposes under § 3-1-804(e), MCA.

¶17. In conclusion, we hold that the District Court's denial of the McLaughlins'

**motion to rescind entry of the judgment awarding $60,000 in punitive damages to the Braggs was not an abuse of that court's discretion, and the decision of the lower court is hereby affirmed.**

/S/ J. A. TURNAGE

We concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIM LEAPHART