No. 88-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

CONNIE S. ROLLINS,

Plaintiff and Appellant,

-vs-

SYLVIA M. BLAIR, d/b/a CHEERLEADERS POM
POM CLINIC; NCA INVESTMENTS, INC., f/k/a
NATIONAL CHEERLEADERS ASSOCIATION; and
FERGUS COUNTY HIGH SCHOOL; SCHOOL DISTRICT #1,

Defendants and Respondents.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Joseph Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jack E. Sands, Billings, Montana

For Respondent:

Don M. Hayes; Berg, Stokes, Tollefsen & Hayes,
Bozeman, Montana   (Blair)
Robert J. Emmons; Emmons & Coder, Great Falls,
Montana   (Fergus County High)
Charles R. Cashmore; Crowley Law Firm, Billings,
Montana (NCA)

Submitted on Briefs:   Nov. 17, 1988

Decided:   January 10, 1989

ED SMITH
Clerk

FILED
'89 JAN 10 AM 11:21
MONTANA ... COURT
Filed:

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

From a decision in the District Court of the Eighteenth Judicial District, Gallatin County, Connie Rollins appeals the summary judgment in favor of Fergus County High School, District No. 1 (Fergus) and the jury verdict for defendants, NCA Investments and Sylvia Blair, for injuries sustained while attending a privately-sponsored summer cheerleading clinic at Montana State University in Bozeman, Montana.

The issues on appeal are:

1. Whether the District Court properly granted the motion of Fergus County High School, District No. 1, for summary judgment.

2. Whether the District Court's refusal of plaintiff's proposed instructions was proper.

Connie Rollins was a varsity cheerleader for Fergus County High School during the summer of 1985 when her cheerleading squad attended a cheerleading camp. On the evening of July 15, 1985, she was practicing the "home cheer" with the other cheerleaders from the Fergus squad during a free period before the camp's evening activities. The "home cheer" involves the building of a human pyramid formation. This is a cheer that the girls from Fergus practiced for over two months prior to the camp and had also demonstrated during athletic activities in years past. The pyramid was not a formation that they had learned at the cheerleading camp. While practicing the pyramid, Rollins fell from an off-the-ground position, injuring the lumbo-sacral area of her spine. At the time, she did not feel any pain and continued with the night's cheerleading activities. It was not until the next day that the injury was too severe to continue at the camp.

Rollins was familiar with the "home cheer" and had been practicing the cheer with the other cheerleaders that summer. She was also aware that injury could occur from an off-the-ground position. She had injured an ankle in a fall from the pyramid prior to the cheerleading camp. Another cheerleader had broken her ankle also from a fall.

Rollins sued the school district as the party responsible for its students during school, during extracurricular activities and as principal of its agent, LaVonne Simonfy, the cheerleading advisor, for negligent supervision. Plaintiff also sued NCA Investments, a private entity, and the sponsor of the cheerleading camp, Sylvia M. Blair, for negligence. The District Court granted summary judgment in favor of Fergus, finding that the school district had no active part in the summer cheerleading camp with the exception of providing a bus for transportation. At trial, the jury found that the remaining defendants had not acted negligently. Rollins seeks a reversal of both the summary judgment and the jury verdict.

The first issue is whether the District Court erred in granting summary judgment in favor of Fergus. Appellant makes two assertions. Appellant first contends that Fergus played an active role in sending the cheerleaders to the Bozeman camp. Second, Fergus sent LaVonne Simonfy to the camp as an advisor to the girls and is liable for Simonfy's negligence for improper supervision. Appellant urges that we allow these issues to be addressed at a jury trial.

We have made it clear that:

> The standard of review is whether the District Court properly held there is no genuine issue of material fact and therefore the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.

Sevalstad v. Glaus (Mont. 1987), 737 P.2d 1147, 1148, 44 St.Rep. 930, 932; Pipinich v. Battershell (Mont. 1988), 759 P.2d 148, 45 St.Rep. 1237. The standard of review set forward by this Court was established in Reagan v. Union Oil Company of California (1984), 208 Mont. 1, 6, 675 P.2d 953, 956. The standard is essentially the same that is used by the district court in reviewing the evidence under Rule 56, M.R.Civ.P., which is that summary judgment is to be granted where there is no genuine issue as to material fact. We see no genuine issue here.

We uphold the District Court's summary judgment finding and declare that Fergus was outside the scope of requisite care necessary to find it liable. The threshold requirement for holding Fergus liable for appellant's injuries is to find that Fergus had a duty to appellant.

> It is an elementary principle of law that before a claim for relief can be made against a defendant for negligence, the existence of a duty by the defendant to the plaintiff must be shown, along with the breach of the duty and a resulting injury.

Roy v. Neibauer (Mont. 1981), 623 P.2d 555, 556, 38 St.Rep. 173, 174; Jackson v. William Dingwall Co. (1965), 145 Mont. 127, 399 P.2d 236; Kakos v. Byrum (1930), 88 Mont. 309, 292 P. 909.

Appellant asserts that Fergus owed a duty because of its active participation in the events leading up to the injury at the camp. For example, the cheerleaders were selected by the students and faculty of Fergus. Money was raised for the camp and deposited in the school district accounts. The cheerleaders also learned of the camp through literature sent by Sylvia Blair and NCA to the school.

On the motion for summary judgment, Fergus showed that it merely provided a bus for the girls' transportation. The funds which were raised to send the cheerleaders to the camp were private funds raised by the girls themselves. To hold the school district liable for injuries to a cheerleader simply because she was chosen by other students of the school is insufficient to find a duty. Moreover, posters advertising the camp provided by Blair is also insufficient to find that Fergus owed a duty to Rollins. The cheerleading camp was run by private parties independent of the school district. It would be improper to hold that Fergus had a duty of supervision to Rollins for an extracurricular activity during the summer months which was governed by independent parties.

New York is one of the few states to have addressed the issue of a school's duty to students involved in extracurricular activities. In Rubtinchinsky v. State University of New York (1965), 46 Misc.2d 679, 260 N.Y.S.2d 256, a college freshman was injured while participating an in intramural game of "push ball" with knowledge that it was a contact sport. The New York court held that a school does not owe a duty to students involved in extracurricular activities. Fergus was in no way involved in the cheerleading camp with the exception of providing a bus for the cheerleaders. A proper nexus has not been established to find that Fergus had a duty.

Appellant contends that Fergus is liable to Rollins through its agent, LaVonne Simonfy. However, Simonfy's participation was too limited to owe a duty as a supervisor and was not Fergus's agent. She was not under contract with the school district during the summer months and when she attended the camp. She used her own funds to attend the camp rather than accept school funds to attend. Her attendance at the camp was personal and not as an employee of Fergus.

5

"Under the doctrine of respondeat superior an employer is liable for the acts of his employee only if the employee is acting within the scope of his employment." Haker v. Southwestern Railway Co. (1978), 176 Mont. 364, 372, 578 P.2d 724, 728; Hoffman v. Roehl (1921), 61 Mont. 290, 203 P. 349. As the cheerleaders' advisor, Simonfy played a limited role in molding the cheerleaders. She had final say as to the girls' cheers and critiqued their outfits but did not participate in the creation or development of the cheers. Appellant Rollins testified that Simonfy was not experienced in cheerleading. Simonfy attended the camp to prevent bickering among the cheerleaders, a reoccurring problem from the previous year. Furthermore, she was not in attendance at the meetings for advisors at the camp, nor was she present when appellant was injured. Fergus was under no duty to Rollins through Simonfy. Simonfy was not an agent of Fergus.

The second issue to be addressed by this Court is whether the District Court erred in refusing two of appellant's proposed instructions. During the course of the trial, Sylvia Blair and representatives of NCA Investments testified that they took correct preventative measures in running the cheerleading camp. Specifically, NCA's employees testified that they held a meeting for all the advisors at the beginning of the camp which admonished them of safety proceedings, such as suggesting the use of spotters. Jeff Miller, the head instructor at the camp, stated they did not teach the pyramid formation and did not suggest that they practice the cheer.

On cross-examination of the appellant, the questions related to the experience of the appellant and the other cheerleaders on her squad and the role that Simonfy played at the camp. Appellant regarded the examination of NCA's witnesses and cross-examination of appellant as "blame-

6

shifting"--that is, the remaining defendants state that they took all necessary precautions, implicating Fergus and Simonfy as the liable parties, who had been dismissed from the case.

During the testimony, appellant did not object to the line of questioning but instead requested special instructions to admonish the jury that the defendants could not shift the blame for liability to anyone not a party to the action. The judge agreed that there would be such instructions.

Two of appellant's proposed instructions referring to "blame-shifting" were denied by the judge. The appellant asserts that instructions admitted by the court were not sufficient. The refused proposed instructions are as follows.

> [Proposed instruction 14] More than one person may be liable for causing an injury. A defendant may not avoid liability by claiming that some other person whether or not named as a defendant in this action helped caused [sic] the injury.
>
> Fergus County High School--through LaVonne Simonfy--was originally listed as a defendant in this action, but has been found not liable as a matter of law. Therefore, you may not consider the actions or inactions of Ms. Simonfy or Fergus County High School as having helped cause plaintiff's injury.
>
> * * *
>
> [Proposed instruction 24] You are instructed that, as a matter of law, LaVonne Simonfy and Fergus County High School had no legal obligation to nor any supervisory responsibility for Connie S. Rollins, the Plaintiff, while she attended the Cheerleading Clinic.

> Therefore you may not consider the actions or inactions of LaVonne Simonfy or Fergus County High School as having helped cause Plaintiff's injuries.

The District Court instead adopted proposed Instruction 14a (Instruction 14):

> More than one person may be liable for causing an injury. A defendant may not avoid liability by claiming that some other person whether or not named as a defendant in this action helped caused [sic] the injury.

Appellant claims that the single instruction is inadequate to inform the jury of the dangers of shifting the blame. We disagree.

> It is not reversible error for a District Court to refuse an offered instruction unless such refusal affects the substantial rights of the party proposing the instruction thereby prejudicing him. . . . A party is not prejudiced by the failure to give an offered instruction where the subject matter is adequately covered by other instructions submitted by the court to the jury.

Payne v. Sorenson (1979), 183 Mont. 323, 327-328, 599 P.2d 362, 365; Kuchan v. Harvey (1978), 179 Mont. 7, 585 P.2d 1298; Holland Furnace Co. v. Rounds (1961), 139 Mont. 75, 360 P.2d 412.

We hold that the instruction adopted by the court was adequate in directing the jury that the defendants could not place the blame for liability on Fergus or Simonfy. Instruction 14 clearly stated that the only parties that could be held liable were those named in the suit at the time of trial. If the instructions that were proposed by appellant had been adopted by the court, the effect would have been prejudicial to respondents. In stating that Fergus had been

8

dismissed from the action, the jury could have assumed that the court on summary judgment had not dismissed the remaining defendants because they were responsible for appellant's injuries. The substantial rights of appellant were not prejudiced.

Furthermore, the instructions in their entirety were adequate to instruct the jury on the causes of action. It was obvious that the other instructions stated that NCA and Blair were the only defendants in the case and if liability was to be found it would be with one of the named defendants. For example, the first instruction stated that in this action the plaintiff was Rollins and the defendants were NCA and Blair. The very same instruction gave no indication that the defendants were trying to "pass the buck" because it stated that the defendants were denying liability and if anyone was at fault it was Rollins herself.

> [I]nstructions must be considered in their entirety, and to determine whether instructions were properly given or refused this Court will read them in connection with other instructions given and consider them in the light of the evidence introduced.

Fox v. Fifth West, Inc. (1969), 153 Mont. 95, 101, 454 P.2d 612, 615; Brown v. North American Mfg. Co. (1978), 176 Mont. 98, 114, 576 P.2d 711, 721. We hold that the instructions given to the jury were sufficient.

We find no reversible error on the part of the District Court. Affirmed.

_____
Chief Justice

We concur:

_____

_____
V.C. Gulbrandson,

_____
R.C. McDonough

_____
William E. Hunt
Justices

10