No. 93-516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

CRAIG WILLIAMS,

      Plaintiff/Appellant,

-v-

STATE MEDICAL OXYGEN & SUPPLY, INC.
a Montana Corporation,

      Defendant/Respondent.



FILED

MAY 2 0 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

      Gene R. Jarussi, Jarussi & Bishop, Billings, Montana

    For Respondent:

      John R. Gordon, Reep, Spoon & Gordon, Missoula,
Montana

Submitted on Briefs:  February 24, 1994

Decided:  May 20, 1994

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Plaintiff/appellant, Craig Williams, (Williams), appeals a summary judgment in favor of the defendant, State Medical Oxygen & Supply, Inc., (State Medical). The District Court ruled that there were no genuine issues as to any material fact, that State Medical was not liable under the theory of negligent entrustment, and that, therefore, State Medical was entitled to summary judgment as a matter of law. We reverse and remand for further proceedings.

This is a personal injury case arising out of an incident wherein Williams fell from the back of a pickup truck carrying a load of mattresses. The incident occurred on May 6, 1987, while Williams was working as an employee of Cay Enterprises. On the morning of May 6, 1987, Brian Cloutier (Cloutier), an officer and director of Cay Enterprises, arranged to have six teenagers employed by that corporation, meet at his house in Kalispell. The employees were to move mattresses from one place to another.

Because a vehicle was needed to transport the Cay Enterprises' employees and mattresses, Cloutier, who was also an officer and director of State Medical, arranged to have a State Medical pickup left at his home in Kalispell to be used for the job. After the Cay Enterprises' employees met at Cloutier's home, he gave the keys to the pickup to one of the employees, who then drove to Big Fork. Upon arriving at Big Fork, Cloutier told the employees that they should move as many box springs and mattresses in each load as they could. He also instructed the employees not to sit on the tailgate of the pickup when moving the load.

2

Cloutier did not provide ropes or any other items that the employees could use to secure the load.

Williams was sitting on top of a load of mattresses, when the pickup turned a corner, and Williams fell off the pickup hitting his head on the pavement. Williams suffered injuries as a result of this fall.

Williams filed an action in the Eleventh Judicial District, Flathead County, seeking damages from State Medical, alleging that it was negligent in supplying the vehicle to the Cay Enterprises' teenage employees. State Medical moved for summary judgment. After reviewing the briefs and hearing oral arguments of both parties, the District Court issued an order dated August 13, 1993, granting State Medical's motion for summary judgment, and entering a judgment in its favor. Williams appeals from this judgment.

Our standard in reviewing a grant of summary judgment is the same as that utilized by the District Court. That is, we use the same criteria initially used by the District Court under Rule 56, M.R.Civ.P. Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214. Summary judgment is proper, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), M.R.Civ.P.

In a personal injury case we start from a basic premise that issues of negligence are not ordinarily susceptible to summary adjudication, but are better determined at trial. Dillard v. Doe

3

(1992), 251 Mont. 379, 382, 824 P.2d 1016, 1018. Where factual issues concerning negligence and causation are presented, liability should not be adjudicated by summary judgment. Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 931. In such a case, it is only when reasonable minds could reach but one conclusion, that questions of fact may be determined as a matter of law. Brohman v. State (1988), 230 Mont. 198, 202, 749 P.2d 67, 70. (Citation omitted.) This is not such a case. Here the central factual issues regarding negligence and negligent entrustment must be determined by the trier of fact.

Furthermore, the District Court ruled that, on the facts before it, State Medical was not liable under the theory of negligent entrustment as a matter of law. We disagree. We conclude that whether State Medical, acting through Cloutier, negligently entrusted a pickup to Cay Enterprises' employees cannot be decided as a matter of law, but must be decided by the trier of fact.

In granting summary judgment, the District Court focused on § 390 of the Restatement (Second) of Torts, (1965), (Restatement). That section of the Restatement provides:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

We agree that, here, negligent entrustment would not lie under that section of the Restatement. Section 390 deals with the

4

supplying of a chattel to a person incompetent to use it safely. Restatement (Second) of Torts § 390 comment (b). Here it does not appear that the teenage driver was incompetent, nor is there any allegation that he was not properly licensed. The fact that the teenage driver was a minor or inexperienced, without more, does not mean he lacked the training or experience to operate the pickup. Smith v. Babcock (1971), 157 Mont. 81, 89, 482 P.2d 1014, 1018. In addition, there was no allegation that the teenage driver had a reputation as being a negligent driver. Thus, Cloutier did not supply the pickup to a person he knew to be incompetent.

The substantive law governing Williams' claim in this case is more appropriately set forth in Restatement § 308, which we applied in Bahm v. Dormanen (1975), 168 Mont. 408, 412, 543 P.2d 379, 382.

Section 308 of the Restatement provides:

It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Negligent entrustment encompassed in § 308 is somewhat different than that encompassed in § 390. Comment (b) to that Restatement section indicates that the rule "... has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use ...," nevertheless, the rule is also applicable where,

...the actor [here, Cloutier] entrusts a thing [the State Medical pickup] to a third person [the teenage driver and employees of Cay Enterprises] who is not of such a class,

5

if the actor [Cloutier] knows ... the peculiar circumstances of the case are such as to give the actor [Cloutier] good reason to believe that the third person [the teenage driver and employees of Cay Enterprises] may misuse it [the pickup]. (Emphasis added.)

Restatement (Second) of Torts § 308 comment (b).

Here, the critical focus of the finder of fact must be on what Cloutier had in mind as regards moving the mattresses at the time he surrendered control of State Medical's pickup to Cay Enterprises' driver and employees. At that time, knowing how he intended to manage and supervise the mattress moving project -- i.e. on the "peculiar circumstances" of this case -- did he have good reason to believe that the Cay Enterprises' driver and employees were likely to use the pickup or to conduct themselves in such a manner as to create an unreasonable risk of harm?

As to the "control" requirement of § 308, comment (a) notes that the words "under the control of the actor:"

[A]re used to indicate that the third person is entitled to possess or use the thing or engage in the activity only by the consent of the actor, and that the actor has reason to believe that by withholding consent he can prevent the third person from using the thing or engaging in the activity.

Restatement (Second) of Torts § 308 comment (a).

This Court addressed the element of control encompassed in § 308 in Bahm, 543 P.2d at 382. In Bahm, two men, Nordahl and Dormanen, borrowed a truck to go on a hunting trip. While Nordahl was driving the truck he was involved in an accident, which resulted in the deaths of both Nordahl and the plaintiff's husband. The plaintiff brought a wrongful death action against Dormanen, alleging he was liable under the theory of negligent entrustment.

6

Bahm, 543 P.2d at 381.

The plaintiff maintained that Dormanen had the physical power to deprive Nordahl of the keys to the truck. This power, the plaintiff argued, was sufficient control to establish liability under negligent entrustment. Bahm, 543 P.2d at 381. This Court disagreed, holding that "the basis of negligent entrustment is founded on control which is greater than physical power to prevent. A superior if not exclusive legal right to the object is a precondition to the imposition of the legal duty." Bahm, 543 P.2d at 382.

In the instant case, the District Court ruled that the pickup was under the control of State Medical's officer, Cloutier, before he turned the keys over to the Cay Enterprises' employees. That being the case, it follows then, that because Cloutier had control over the pickup before he turned it over to Cay Enterprises' employees, he also had the power to prevent Cay Enterprises' employees from using the vehicle. Therefore, a question of negligent entrustment under § 308 remains. Was State Medical, through its officer and director, Cloutier, negligent at the time of providing the pickup to Cay Enterprises' employees, if it knew or should have known that Cay Enterprises' employees would likely use the pickup or conduct themselves in such a manner as to create an unreasonable risk of harm to others?

To address this question we must discuss two principles of law. The first principle concerns the law regarding when a principal is liable for negligent acts of its agent. The second

7

principle concerns imputing knowledge to two separate corporations which are dealing with one another through a common officer.

The first principle holds, that an officer of a corporation, when acting within the course and scope of his employment, is an agent of the corporation when dealing with third parties. Fletcher, Cyclopedia of the Law of Private Corporations § 266 (rev. perm. ed. 1986). Alley v. Butte & Western Mining Co. (1926), 77 Mont. 477, 492, 251 P. 517, 522.

The law governing a principal's liability to third persons, for the negligence of its agents or employees is found at § 28-10-602, MCA. That section provides:

> **Principal's responsibility for agent's negligence, omissions, and wrongs.** (1) Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal.
>
> (2) A principal is responsible for no other wrongs committed by his agent than those mentioned in subsection (1) unless he has authorized or ratified them, even though they are committed while the agent is engaged in his service.

The focus of the inquiry is usually whether the agent was operating within the course and scope of his employment. See cases from Hoffman v. Roehl (1921), 61 Mont. 290, 298, 203 P. 349, 350, through, most recently, Rollins v. Blair (1989), 235 Mont. 343, 347, 767 P.2d 328, 330.

In the instant case, the District Court found that it appeared Cloutier was acting within the scope of his employment and

8

authority as an officer and director of State Medical, when he turned the pickup over to Cay Enterprises' employees. It also appears from the District Court's order that Cloutier was acting within the scope of his authority as officer and director of Cay Enterprises when he arranged for the six teenage Cay Enterprises' employees to move the mattresses.

Turning to the second principle, imputing knowledge to two separate corporations which are dealing with one another through a common officer, we start with the premise that under Montana law, the knowledge of an agent is imputed to the principal. Section 28-10-604, MCA. See also Empire Steel Mfg. Co. v. Carlson (1981), 191 Mont. 189, 196, 622 P.2d 1016, 1021. As a general rule, where there are two corporations, dealing with one another through a common officer, the question of whether one corporation is to be charged with notice of what is known to the agent by virtue of his relation to the other corporation depends on the circumstances of each case. 19 C.J.S. Corporations § 637 (1990), 18B Am.Jur.2d. Corporations § 1683 (1985). "However, [a] common officer's knowledge of the affairs of one corporation will be imputed to the other when such knowledge is present in his mind and memory at the time he engages in a transaction on behalf of such other corporation, or when such knowledge comes to him while acting for such other corporation in his official capacity, or while acting as an agent of such corporation, and within the scope of his authority..." 19 C.J.S. Corporations § 637, at 288 (1990).

Therefore, albeit he was going to supervise and manage the

9

mattress moving project on behalf of Cay Enterprises, the knowledge Cloutier had regarding how he would manage and supervise the mattress moving project, at the time he turned control of the pickup over to the Cay Enterprises employees, must be imputed to State Medical. Such knowledge of Cloutier is a question of fact to be determined by the trier of fact based on evidence to be introduced at trial.

The order of proof of the various elements of Williams' cause of action, as discussed above, is left to the sound discretion of the trial court. However, there are issues of negligence in this case which are not appropriately decided on summary judgment, but which must be left for determination by the finder of fact. Accordingly, we hold that the District Court erred in granting summary judgment for State Medical.

Reversed and remanded for further proceedings.

_____
                                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

10

_____
District Judge Ted L. Mizner
for Justice William E. Hunt, Sr.

_____
Retired Justice R.C. McDonough
for Justice Terry N. Trieweiler

11