No. 95-341

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JODIE ULRIGG,

      Plaintiff and Appellant

-v-

JACK JONES and SAFECO INSURANCE CO.,

      Defendants, Respondents
and Cross Appellants.



FILED

DEC 05 1995

~~Ed Smith~~
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael Sol, Sol & Wolfe, Missoula, Montana

      For Respondent:

          Mark S. Williams, Shelton C. Williams, Williams &
Ranney, Missoula, Montana

Submitted on Briefs:   October 26, 1995

Decided:   December 5, 1995

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The Plaintiff, Jodie Ulrigg (Jodie), appeals from the February 6, 1995 opinion and order of the Fourth Judicial District Court, Missoula County, granting Defendant Jack Jones' (Jack) motion for summary judgment. Jack cross-appeals from that part of the June 9, 1995 opinion and order of the District Court granting Jodie's motion to add Safeco Insurance Co. (Safeco) as a party defendant to her lawsuit. We affirm the District Court's grant of summary judgment in favor of Jack; we reverse the District Court's order joining Safeco as a party to the lawsuit.

BACKGROUND

On August 18, 1994, Jodie filed her complaint in District Court naming Jack as the sole defendant in her personal injury suit. Jodie alleged that Jack is "the owner of an automobile which negligently struck an automobile driven by [Jodie] on or about September 10, 1991" and that Jack's automobile "was driven by a person whom [Jodie] believes to be [Jack's] daughter, as agent for [Jack] and with the knowledge and permission of [Jack]; [and] that [Jack] was negligent for entrusting his vehicle to his daughter to drive."

Jack answered, admitting that the automobile which he owned was involved in the subject collision on the date alleged and that his daughter Jacque Jones (Jacque) was driving the car at the time of the accident with his permission. Jack denied that Jacque was his agent or that he was negligent for permitting her to use his car.

2

Subsequently, Jack moved for summary judgment, supporting his motion and brief with the fruits of discovery and with his and Jacque's affidavits. Jodie filed opposing briefs. Following the District Court's February 6, 1995 decision granting Jack summary judgment, Jodie moved to alter or amend the summary judgment and to add Safeco as a party defendant. Jack objected, and on June 9, 1995, the District Court entered its opinion and order refusing to alter or amend its decision on summary judgment, but granting Jodie's motion to add Safeco. This appeal and cross-appeal followed. Other pertinent facts are set forth, as necessary, in our discussion.

We address the following issues on appeal:

I. Did the District Court err in granting summary judgment to Jack?

II. Did the District Court err in granting Jodie's motion to join Safeco as a party defendant in her lawsuit?

DISCUSSION

I.

Notwithstanding that Jodie's notice of appeal only states that she is appealing from the District Court's February 6, 1995 order granting Jack summary judgment, it is apparent from the briefs that both parties presume that Jodie's appeal also includes the District Court's June 9, 1995 denial of her motion to alter or amend the summary judgment order and her renewal of that motion. We will, likewise, proceed on that basis.

Our review of the trial court's grant of summary judgment is *de novo*; we utilize the same criteria as the district court.

3

Summary judgment is proper only when no genuine issue of material fact exists and when the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P.; Brown v. Demaree (Mont. 1995), 901 P.2d 567, 569, 52 St.Rep. 819, 820 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214). We look to the pleadings, depositions, answers to interrogatories, admissions on file and affidavits to determine the existence or nonexistence of a genuine issue of material fact. Krebs v. Ryan Oldsmobile (1992), 255 Mont. 291, 294, 843 P.2d 312, 314 (citing Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 284, 815 P.2d 1135, 1136). We review the district court's conclusions of law to determine if the court's interpretation of the law is correct. Nimmick v. State Farm Mut. Auto. Ins. Co. (1995), 270 Mont. 315, 319, 891 P.2d 1154, 1156 (citing Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603).

We assume that Jodie's motion to alter or amend was considered by the trial court under Rule 60(b), M.R.Civ.P., since her motion was filed more than 10 days following the court's February 6, 1995 order and was, therefore, untimely under Rule 59(g). See Ring v. Hoselton (1982), 197 Mont. 414, 424, 643 P.2d 1165, 1171 (citing 7 Moore's Federal Practice, ¶ 60.18[8], at 216.1 (2d ed. 1979)). "[A] motion that is made under Rule 59, which is not timely. . . may, nevertheless, be considered as a motion under Rule 60 when it states grounds for relief under this latter rule." Ring, 643 P.2d at 1171. Under such circumstances, the appropriate standard of

4

review is whether the District Court abused its discretion in denying a motion to alter or amend the summary judgment order. Goodover v. Lindey's, Inc. (1988), 232 Mont. 302, 312, 757 P.2d 1290, 1296.

Under the applicable standards of review, we determine that the District Court's legal conclusions for granting Jack summary judgment were correct and that it, therefore, did not abuse its discretion in refusing to alter or amend its summary judgment order.

Jodie first argues that she attempted to "streamline" the litigation by simply suing Jack as the owner of the automobile and by not suing the driver, Jacque, who Jodie believed was out of state and unavailable--i.e. she limited her suit to "one plaintiff and one defendant." Jodie claims that her approach was proper because Jack, as the owner of the car, was the real party in interest or a necessary party. Under Jodie's theory, an action may be brought against the owner of a motor vehicle directly to invoke insurance coverage because the controlling statutes, the Motor Vehicle Safety-Responsibility Act, § 61-6-101 through § 61-6-304, MCA, (the Act) while, not imputing *negligence* to the vehicle owner, nevertheless, does, under Montana's mandatory motor vehicle insurance laws, impute responsibility for financial *liability*. Jodie bases her argument on her interpretation of those statutes, on her view of what the legislature intended in adopting the Act, and, by analogy, on the fact that the legislature has, in certain other instances, mandated financial responsibility of one person

5

for the acts, omissions, negligence, necessities or support of others (in this regard, Jodie cites §§ 41-1-201, 40-6-237, 40-2-106, 40-2-103, and 23-2-505, MCA). We reject this argument.

Generally, the owner of a motor vehicle is not vicariously liable for the acts or omissions of the driver, absent statute or proof of some other legal theory such as agency or negligent entrustment. See Smith v. Babcock (1971), 157 Mont. 81, 84-87, 482 P.2d 1014, 1016-17 (citing Clawson v. Schroeder (1922), 63 Mont. 488, 499, 208 P. 924, 927). See also Forrester v. Kuck (1978), 177 Mont. 44, 49, 579 P.2d 756, 759 (quoting 8 Am.Jur.2d, Automobiles and Highway Traffic, § 571).

Contrary to Jodie's argument, except in two instances mentioned below, the Act does not impose vicarious liability on a third party. Rather, the Act requires the owner of a motor vehicle to continuously provide liability insurance coverage for operation of the vehicle by the owner and any permissive user. Section 61-6-301(1)(a), MCA. In that respect, it is undisputed that Jack fulfilled his obligation under the Act in this case--he provided liability insurance through Safeco which covered the permissive use of his car by his daughter, Jacque. Nothing in the Act made Jack personally liable, however, for Jacque's alleged negligent driving. The Act as written imposes only financial responsibility, not liability.

As noted above, the legislature has imposed vicarious liability on third parties for the acts and omissions of motor vehicle drivers in two instances. First, under § 61-5-108, MCA, a

6

parent or other responsible adult must sign the driver's permit or license application of a person under age 18 and, along with the minor driver, assume the financial obligation of any negligence or willful misconduct of the minor while driving. Under that statute, the negligence or willful misconduct of the minor is statutorily imputed to the adult signing the minor's application. Section 61-5-108(2), MCA. Second, § 61-6-201, MCA, imposes vicarious liability upon owners of vehicles used in commercial passenger transportation for acts and omissions of their employees while driving such vehicles.

Neither of those statutes is applicable in the instant case. Jacque was not a minor at the time of the accident nor was she driving Jack's commercial passenger transportation vehicle as his employee. Moreover, contrary to Jodie's arguments, it is apparent that where the legislature intends to impose vicarious liability on a third person for a driver's acts or omissions, it does so by statute specifically written to accomplish that purpose. (To the same effect, See § 23-2-505, MCA, wherein the legislature has statutorily imposed vicarious liability on the owner of a vessel for injury or damage occasioned by its negligent operation.)

Jodie also argues that Jack is properly sued as a necessary party to her litigation, regardless of fault, in order to recover on his insurance, since the insurer's duty to defend is only to the person who purchases the insurance and owns the policy and because the insurance contract is not designed to protect permissive users. Nothing could be further from the truth.

7

Section 61-6-103(2)(b), MCA, provides, in pertinent part, that the owner's policy must:

> insure the person named therein and any other person, as insured, using any motor vehicle or motor vehicles with the express or implied permission of the named insured. . . .

Jack's policy issued by Safeco conforms to this statutory mandate. Accordingly, Jacque, had she been sued, would have been covered by Jack's insurance policy. While Jodie raises hypothetical questions regarding how a tort victim might recover if the vehicle owner posts an indemnity bond under § 61-6-301(2), MCA, that is not the fact situation at issue, and we decline to address her concerns in that regard.

Next, having found unavailing Jodie's arguments to impose statutory liability on Jack under the Act, we turn to her contention that Jack should be liable under theories of agency and negligent entrustment. On the basis of the record before us, we conclude that Jodie did not establish a genuine issue of material fact implicating either theory.

In discovery, Jack propounded to Jodie an interrogatory request requiring her to state the basis for her contention that Jacque was acting as Jack's agent at the time of the accident. Jodie responded that

> [Jacque] was in control of Jack Jones' vehicle; appeared to be in charge of the vehicle with Jack Jones' permission or at his behest, and appeared to be in charge of the vehicle and responsible to him for its care and operation, and operating it under his authority and auspices.

There is nothing in Jodie's answer (or in any other part of the

8

record, for that matter) that sets forth any *factual basis* supporting Jodie's conclusion that there was an agency relationship between Jacque and Jack in connection with her operation of his automobile. At the most Jodie's answer demonstrates that Jacque was driving Jack's car with his permission--a fact conceded by Jack.

Jodie speculates that Jacque was her father's agent because the purpose of her trip was to visit the University financial aid office. However, both Jack and Jacque submitted uncontroverted affidavits on summary judgment that established that Jack did not know of Jacque's trip, that he did not request her to use his car, that she was not driving the car in the performance of any task for him, and that he did not derive any benefit from her use of his car.

We have consistently held that speculative and conclusory statements are not a sufficient basis on which to raise a genuine issue of material fact. Miller v. Herbert (Mont. 1995), 900 P.2d 273, 276, 52 St.Rep. 655, 658; Howard v. Conlin Furniture No. 2, Inc. (Mont. 1995), 901 P.2d 116, 119, 52 St.Rep. 814, 815. Jodie's burden on summary judgment was to come forward with substantial evidence that would establish a genuine issue of material fact that there was an agency relationship between Jacque and Jack. She failed in her burden to demonstrate such a fact, and her bald, unsupported conclusions and speculation to that effect are legally insufficient to withstand summary judgment. See Thornton v. Songstad (1994), 263 Mont. 390, 398-401, 868 P.2d 633, 638-40.

9

Similarly, Jodie failed in her burden to establish any factual basis for her claim that Jack negligently entrusted his automobile to Jacque. In discovery Jack required Jodie to set forth her evidence on this theory of her case. Jodie admitted that she did not have sufficient information to admit or deny Jack's contention that he had no reason to believe Jacque would fail to drive his vehicle in a reasonable and safe manner and that he had no reason to believe that she would use his vehicle in a manner involving unreasonable risk of physical harm to others. According to Jodie, when asked via interrogatory, the basis for her negligent entrustment claim was that,

> [Jacque's] operation of the vehicle was the proximate cause of the accident and the resulting injuries and consequential damages to the Plaintiff. [Jack] was negligent in not ascertaining or ensuring that the driver was sufficiently experienced or skilled in the operation of a motor vehicle to avoid such an accident, and to avoid injuring the Plaintiff.

Again, Jodie supplied no *factual basis* for her claim of negligent entrustment. Jacque was 21 at the time of the accident; she was a licensed driver; and her's and her father's uncontradicted affidavits establish that Jack had no reason whatsoever to doubt his daughter's competency as a driver.

Jodie maintains that our decision in Williams v. State Medical Oxygen & Supply, Inc. (1994), 265 Mont. 111, 874 P.2d 1225, supports her negligent entrustment theory. That is not the case, however. In the first place and most importantly, the plaintiff in Williams, established a factual record supporting his theory of negligent entrustment. Williams, 874 P.2d at 1226. Secondly, our

10

decision in that case turned on a factual scenario that supported negligent entrustment under § 308 of the Restatement (Second) of Torts (1965). That is not the situation in this case. Rather, Jodie's complaint alleges negligent entrustment of the type described in § 390 of the Restatement--i.e. supplying a chattel to a person incompetent to use it safely. Williams, 874 P.2d at 1227. As pointed out above, however, Jodie wholly failed to demonstrate any facts supporting her theory of liability in that regard.

The record here demonstrates that, in opposition to Jack's motion for summary judgment, Jodie offered only conclusory and speculative statements as to her theories of agency and negligent entrustment. The District Court was under no duty to anticipate Jodie's proof to establish a material and substantial issue of fact. Thornton, 868 P.2d at 640 (quoting Taylor v. Anaconda Federal Credit Union (1976), 170 Mont. 51, 57, 550 P.2d 151, 154). Jodie failed in her burden to raise any genuine issue of material fact that Jacque was Jack's agent at the time of the accident or that Jack negligently entrusted his automobile to his daughter. Moreover, as a matter of law, Jack was not liable for Jacque's alleged negligence merely because he was the owner of the automobile she was driving. As the trial court concluded:

> Plaintiff could easily have named [Jack's] daughter in this action, and father's insurer would have been required to defend, no evidence of explicit exclusion from the policy having been shown. Simply because [Jack's] car was involved in the accident does not make him the proper party to be named as Defendant. What is clear is that Plaintiff named the wrong party to this suit, and the three-year statute of limitations has since run. While naming [Jack] may have been no more than an unfortunate error, there exists no basis for him to be

11

party to this lawsuit.

We hold that summary judgment was properly granted in favor of Jack on Jodie's complaint, and that the District Court did not abuse its discretion in denying Jodie's motion to alter or amend its ruling in that respect.

II.

The District Court's granting Jodie's motion to join Safeco as a party defendant in her lawsuit is a different matter, however. This issue is raised as a cross-appeal from Jodie's appeal of the District Court's order denying her motion to alter or amend and is, we conclude, properly before this Court--Jodie's suggestion that the District Court's order adding Safeco is not a final, appealable order, to the contrary. Inasmuch as we have concluded that summary judgment was properly granted in favor of Jack and, because, as noted by the District Court, the statute of limitations has run on any claim Jodie might have had against Jacque, Safeco is the only remaining party in the lawsuit. Since, in this case there is no legal basis on which Jodie can sue Safeco, it is proper that we dispose of this issue in order to conserve judicial resources and avoid further needless litigation. On Jack's cross-appeal, we reverse the District Court's order adding Safeco as a party to Jodie's lawsuit.

While she has failed to establish liability against either of Safeco's insureds, Jack or Jacque, Jodie maintains that she should, nevertheless, be able to sue Safeco directly. Jodie argues that under § 61-6-103(6)(a), MCA, the liability of the insurance carrier

12

becomes absolute wherever injury or damage covered by the motor vehicle liability policy occurs. She also contends that Safeco is the real party in interest under Rule 17(a), M.R.Civ.P. The District Court agreed with this latter contention, concluding that while Rule 17(a) speaks to the *prosecution* of matters by real parties in interest, including contractually related parties, the Rule should apply, as well, in matters of defense. Moreover, the District Court agreed with Jodie that Safeco's liability stemmed from a contractual relationship with Jack, and that, accordingly, the longer contract statute of limitations applied to Safeco rather than the shorter tort statute. We disagree with Jodie's arguments and with the District Court's conclusions of law.

As noted by Justice Sheehy in his concurring opinion in State Farm Mut. Auto Ins. Co. v. Solem (1981), 191 Mont. 156, 622 P.2d 682,

> the long-established rule in Montana [is] that a direct action against an insurer does not lie until the liability of the insured has been established, Conley v. U.S.F.&G. Co. (1934), 98 Mont. 31, 37 P.2d 565 and Cummings v. Reins (1910), 40 Mont. 599, 107 P 904, and our further long-standing rule [is] that the injection of insurance into the action determining liability is improper. Vonault v. O'Rourke (1934), 97 Mont. 92, 33 P.2d 535.

State Farm, 622 P.2d at 684-85. The reasons for this rule are set forth in 8 Appleman, *Insurance Law and Practice*, § 4861, p. 568 (1981):

> The extent of the insurer's liability has no relation to the personal injury action as such, other than as regards its duty to defend, and its presence in the case would only serve to confuse and complicate it, and prejudice the insured, the injured party, or both. . . .
> Because direct actions against a liability insurer

13

contravene the common law, such a right must be expressly sanctioned by the legislature and not merely inferentially deduced.

Montana does permit a direct action against an insurance carrier under § 33-18-242, MCA, which, among other things, allows a third-party claimant, such as Jodie, to bring an independent cause of action against an insurer for actual damages caused by the insurer's violation of certain subsections of § 33-18-201, MCA, the Unfair Trade Practices Act. Jodie's claim against Safeco was not, however, based upon § 33-18-242, MCA, for conduct of Safeco prohibited by § 33-18-201, MCA. Rather, Jodie moved to join Safeco simply because she was left with no one else to sue; she had no cause of action against Jack, and her claim against Jacque was time-barred. Moreover, even if Jodie had brought suit against Safeco under § 33-18-242, MCA, subsection (6)(b) of that statute prohibits the third-party claimant from filing an action against the carrier until after the underlying claim has been settled or a judgment is entered in favor of the claimant on the underlying claim. See Harman v. MIA Service Contracts (1993), 260 Mont. 67, 73, 858 P.2d 19, 23.

Furthermore, Jodie's contention that § 61-6-103(6)(a), MCA, supports her claim against Safeco is also misplaced. This subsection of the financial responsibility law does not authorize a direct action against an automobile insurance carrier, nor does this statute repeal the general rule prohibiting direct actions against an insurer until the insured's liability is established. Rather, § 61-6-103(6)(a), MCA, freezes the liability of the

14

insurance carrier at the point where injury or damage covered by the policy occurs. There is nothing in the cited code section, however, that obviates the tort claimant's obligation to first establish that the insured was liable for the injuries or damages for which coverage under the policy is claimed. Simply put, unless and until the tort claimant establishes the liability of the tortfeasor, then there are no injuries or damages "covered by the policy."

Additionally, we conclude that the District Court erroneously permitted joinder of Safeco under Rule 17(a), M.R.Civ.P. That rule requires that every action be *prosecuted* in the name of the real party in interest. We have interpreted this rule to require a fully subrogated insurance carrier to bring suit in its own name against the wrongdoer responsible for the loss, because once the loss is fully paid by the insurer the insurer becomes subrogated to the insured's claim against the wrongdoer and the insured no longer has a right of action against the wrongdoer. State ex rel. Nawd's T.V. and App. Inc. v. District Court (1975), 168 Mont. 456, 459-60, 543 P.2d 1336, 1338 (citing United States v. Aetna Casualty & Surety Co. (1949), 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171). Obviously, that is not the situation in the instant case. There is nothing in the plain language of the rule nor in any authority cited by Jodie that supports her interpretation and the trial court's conclusion that, by reason of the rule, an insurance company can be sued directly by a third-party claimant in the place of the insured tortfeasor. Rule 17(a), M.R.Civ.P., is not a direct

action statute, and we decline to stretch the plain language of the rule to hold that it is.

Finally, we need only briefly address Jodie's contention and the District Court's conclusion that the statute of limitations for bringing Safeco into the litigation has not expired, because the eight-year contract, rather than the three-year tort statute of limitation applies. As pointed out above in our discussion of this issue, Jodie established no basis under statute or in common law for her direct action against Safeco. Accordingly, it follows that any discussion of what statute of limitations applies is irrelevant. Discussion of which statute of limitations applies to a cause of action presupposes that the plaintiff has a cause of action against the defendant in the first place. Jodie has no direct cause of action against Safeco because she has not established any liability on the part of Safeco's insureds and because there is no applicable Montana statute or theory under which Jodie can sue Jack and Jacque's insurer, absent her first establishing the insureds' liability. Jodie has no contract with Safeco; she has pled no claim against Safeco for violation of the Unfair Trade Practices Act; and any liability on the part of Safeco for coverage of Jodie's claims derives solely from the underlying liability of Safeco's insureds--which Jodie has failed to establish.

We have reviewed Jodie's arguments and authorities, but none support her attempt to join Safeco in this case. Accordingly, we hold that the District Court erred in allowing the joinder of

16

Safeco as a party defendant under the circumstances, here, and we reverse the order of the District Court granting Jodie's motion to add Safeco as a party to her lawsuit.

Affirmed as to Jodie's appeal; reversed as to Jack's cross-appeal.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

17

December 5, 1995

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Michael Sol, Esq.
Sol & Wolfe
101 E. Broadway, Ste. 300
Missoula, MT 59802

Mark S. Williams, Esq.
Williams & Ranney
P.O. Box 9440
Missoula, MT 59807

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy