No. 98-306

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 9

RONALD McGINNIS and ROSEMARY McGINNIS,

Plaintiffs and Appellants,

v.

JENNIFER MELISSA HAND (a minor), PAMELA HAND,

SEBRINA ANDRIA MOORE (a minor), PAT MOORE,

DANIELLE ELIZA ALDRIDGE (a minor), PAMELA ALDRIDGE,

ROBERT HENRY, Does and Roes ONE through TEN,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

John C. Doubek; Small, Hatch, Doubek & Pyfer, Helena, Montana

No

For Respondents:

Richard Briski, Attorney at Law, Helena, Montana


Submitted on Briefs: November 24, 1998

Decided: January 25, 1999

Filed:


_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Ronald and Rosemary McGinnis appeal from the Decision and Order of the First Judicial District Court, Lewis and Clark County, granting summary judgment to Pamela Aldridge (Pamela) and Danielle Eliza Aldridge (Danielle). We affirm.**

**¶2. The issue on appeal is whether the District Court erred in granting summary judgment to Pamela and Danielle.**

## BACKGROUND

**¶3. On the morning of March 10, 1992, Ronald McGinnis (McGinnis), then Chief of Police for the City of East Helena, Montana, initiated a traffic stop of a white 1984 Mercury Lynx being driven by Jennifer Hand (Hand). Sebrina Moore and Danielle were passengers in the vehicle. As McGinnis started to get out of his patrol car, the Mercury drove off at a high rate of speed. McGinnis pursued the vehicle and, after a lengthy high-speed chase, stopped the Mercury and arrested its occupants. Later that day, McGinnis began to feel nauseous and noticed he was passing a large amount of blood. He went to a local hospital emergency room where he was diagnosed with gastrointestinal bleeding resulting from a ruptured ulcer.**

**¶4. McGinnis subsequently filed this negligence action against, among others, Danielle and her mother, Pamela, alleging that his injuries resulted from the**

pressure of his body being thrown against his seat belt during the high-speed chase on March 10, 1992, and requesting damages. McGinnis' wife, Rosemary, also brought a claim for loss of consortium. Pamela and Danielle moved for summary judgment, asserting that there were no genuine issues of material fact regarding their negligence and that they were entitled to judgment as a matter of law. Following a hearing on the motion, the District Court granted summary judgment to Pamela and Danielle. McGinnis appeals.

## STANDARD OF REVIEW

¶5. We review a district court's summary judgment ruling *de novo*, using the same Rule 56, M.R.Civ.P., criteria applied by the district court. Herron v. Columbus Hosp. (1997), 284 Mont. 190, 192, 943 P.2d 1272, 1274 (citing Clark v. Eagle Systems, Inc. (1996), 279 Mont. 279, 282, 927 P.2d 995, 997). Rule 56(c), M.R.Civ.P., provides, in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

¶6. The party seeking summary judgment bears the initial burden of establishing the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. Herron, 284 Mont. at 193, 943 P.2d at 1274 (citation omitted). If this burden is met, the nonmoving party must come forward with substantial and material evidence showing the existence of a genuine issue of material fact. Herron, 284 Mont. at 193, 943 P.2d at 1274 (citation omitted). Material issues of fact are identified by looking to the substantive law which governs the claim. DeVoe v. State (1997), 281 Mont. 356, 367, 935 P.2d 256, 263.

## DISCUSSION

¶7. Did the District Court err in granting summary judgment to Pamela and Danielle?

¶8. The District Court determined that both Pamela and Danielle had established the absence of genuine issues of material fact regarding their negligence and that

McGinnis had failed to provide substantial evidence raising a genuine issue of material fact. On that basis, the court concluded that Pamela and Danielle were entitled to judgment as a matter of law and granted their motion for summary judgment. McGinnis asserts that the District Court erred, arguing specifically that he provided evidence raising genuine issues of material fact regarding the negligence of both Pamela and Danielle. We address McGinnis' arguments relating to Pamela and Danielle in turn.

## A. Pamela

¶9. McGinnis' complaint alleged that, on the morning of March 10, 1992, Danielle was supposed to be in school but was not, that Pamela knew Danielle was not in school and that Pamela "knowingly and negligently persisted in permitting [Danielle] to run around in unsupervised fashion and be truant from school." He further alleged that Pamela's negligence in this regard was a direct and proximate cause of the high-speed car chase which resulted in his injuries. Although the complaint does not specifically so state, McGinnis contended in the District Court that his claim against Pamela was that she negligently entrusted the use of the Mercury to Danielle.

¶10. We previously have recognized two theories on which a negligent entrustment claim may be based. See Williams v. State Medical Oxygen & Supply (1994), 265 Mont. 111, 114, 874 P.2d 1225, 1227. One theory of negligent entrustment provides that the owner or one in control of a thing and responsible for its use who is negligent in entrusting it to another can be held liable for such negligent entrustment. Williams, 265 Mont. at 114-15, 874 P.2d at 1227 (citing Restatement (Second) of Torts § 308 (1965)); see also Bahm v. Dormanen (1975), 168 Mont. 408, 411, 543 P.2d 379, 381. The second theory provides that a person who supplies a chattel to another whom the supplier knows or has reason to know is likely to use it in a manner involving unreasonable risk of physical harm is subject to liability for the resulting physical harm. Williams, 265 Mont. at 114, 874 P.2d at 1227 (citing Restatement (Second) of Torts § 390 (1965)). McGinnis' arguments that the District Court erred in granting summary judgment to Pamela implicate both theories of negligent entrustment.

¶11. McGinnis initially argues that there were genuine issues of material fact that Pamela owned or had control of the Mercury and negligently entrusted its use to Danielle. This argument falls under the first negligent entrustment theory discussed

above. In order for a person to be liable under this theory, the person must be the owner, or in control, of the vehicle and negligently entrust that vehicle to another. Williams, 265 Mont. at 114-15, 874 P.2d at 1227; Bahm, 168 Mont. at 411, 543 P.2d at 381. With regard to the extent of control over a vehicle necessary to establish such a negligent entrustment claim,

it is clear that the basis of negligent entrustment is founded on control which is greater than physical power to prevent [use of the vehicle]. A superior if not exclusive legal right to the object is a precondition to the imposition of the legal duty.

Bahm, 168 Mont. at 412, 543 P.2d at 382.

¶12. Pamela moved for summary judgment on the basis that she neither owned nor had control of the Mercury. In support of her motion, Pamela submitted her affidavit stating that the Mercury was owned by Alexander Aldridge, that she had not given Danielle permission to use the vehicle on March 10, 1992, and that she did not have the right to give such permission to use the vehicle. Under Bahm, Pamela's affidavit was sufficient to establish the absence of genuine issues of material fact regarding her lack of ownership or control of the Mercury.

¶13. Pamela having satisfied her initial burden as the party moving for summary judgment, McGinnis was required to come forward with substantial evidence--such as affidavits or other sworn testimony--which raised genuine issues of material fact. See Herron, 284 Mont. at 194, 943 P.2d at 1275 (citation omitted). To that end, McGinnis submitted his own affidavit which he contends raised genuine issues of material fact regarding whether Pamela had control over the vehicle and whether she entrusted the vehicle to Danielle. The affidavit states that McGinnis had often observed Danielle and her friends driving the Mercury around East Helena and that no one had ever reported the vehicle as being missing or stolen. McGinnis further stated that, to his knowledge, Pamela had never complained to the East Helena Police Department or the Montana Highway Patrol that she had a problem with Danielle using the vehicle without permission and that "[e]very aspect of my investigation revealed that . . . Danielle . . . had possession of the vehicle with the full knowledge and permission of her mother, Pamela Aldridge."

¶14. The problem with McGinnis' affidavit, however, is that it contains no evidence that Pamela actually owned or controlled the Mercury. Nor does the affidavit

establish that Pamela had "[a] superior if not exclusive legal right" to the vehicle as compared to Danielle. See Bahm, 168 Mont. at 412, 543 P.2d at 382. Although McGinnis argues that Pamela "had the power to withhold the use of the vehicle from her daughter," the power to prevent the use of a vehicle is not sufficient to establish the control necessary for a negligent entrustment claim. See Bahm, 168 Mont. at 412, 543 P.2d at 382. Given the Bahm requirements for a negligent entrustment claim, we conclude that McGinnis' affidavit does not raise a genuine issue of material fact regarding Pamela's ownership or control of the vehicle.

¶15. McGinnis also asserts, however, that his affidavit raises a genuine issue of material fact that Danielle was using the Mercury on March 10, 1992, with Pamela's permission and that this is sufficient to preclude summary judgment on his negligent entrustment claim against Pamela. In essence, this is an argument under the second of the negligent entrustment theories discussed above which provides that a person may be held liable for damages when he or she supplies a chattel to another whom the supplier knows or should have known was likely to use it in a manner involving unreasonable risk of physical harm. See Williams, 265 Mont. at 114, 874 P.2d at 1227. Stated differently, McGinnis' contention is that, by giving Danielle permission to use the Mercury, Pamela "supplied" her with the vehicle.

¶16. Pamela's affidavit states that she did not give Danielle permission to use the Mercury on March 10, 1992, thereby establishing the absence of genuine issues of material fact regarding whether she supplied Danielle with the Mercury. Pamela having satisfied her initial burden, McGinnis was required to come forward with substantial evidence raising a genuine issue of material fact that Pamela did supply the Mercury to Danielle.

¶17. In that regard, McGinnis asserts that the portions of his affidavit set forth above raise issues of fact regarding whether Pamela gave Danielle permission to use--that is, supplied her with--the Mercury. We disagree. McGinnis' observation of Danielle driving the vehicle around East Helena on previous occasions does not establish that she had Pamela's permission to do so, on either the previous occasions or March 10, 1992. Nor does the absence of stolen vehicle reports or complaints by Pamela regarding Danielle's use of the vehicle establish that Pamela gave Danielle permission to use the Mercury on any occasion.

¶18. Furthermore, the statement in McGinnis' affidavit that "[e]very aspect of [his]

investigation revealed" that Danielle was using the vehicle with Pamela's knowledge and permission does not raise a genuine issue of material fact. The party opposing summary judgment must come forward with evidence of a substantial nature; mere denial, speculation, or conclusory statements are not sufficient. Klock v. Town of Cascade (1997), 284 Mont. 167, 174, 943 P.2d 1262, 1266. Here, the affidavit does not state facts revealed by McGinnis' investigation which would establish that Pamela gave Danielle permission to use the vehicle. Thus, the statement is conclusory only and does not constitute evidence of a substantial nature which raises a genuine issue of material fact. We conclude that McGinnis' affidavit does not establish the existence of a genuine issue of material fact that Pamela gave Danielle permission to use the Mercury, thereby supplying Danielle with the vehicle, on March 10, 1992.

## B. Danielle

¶19. McGinnis' complaint alleged that, after he stopped the Mercury and began to exit his patrol car, "the Mercury, which was being operated by Defendant Jennifer Hand, along with the assistance and encouragement of Defendants Moore and Aldridge speeded east on Clinton Street." It further alleged that the vehicle's occupants should be held liable for McGinnis' injuries resulting from the subsequent high-speed chase. The District Court concluded that, because Danielle was only a passenger in the vehicle, she could not be held liable for the driver's negligence and granted summary judgment to Danielle. McGinnis asserts that the District Court erred.

¶20. McGinnis concedes that Danielle was a mere passenger in the Mercury and that, generally, negligence by a driver cannot be imputed to a passenger. See, e.g., Buck v. State (1986), 222 Mont. 423, 430, 723 P.2d 210, 214; Hernandez v. Chicago, Burlington & Quincy R. Co. (1965), 144 Mont. 585, 593, 398 P.2d 953, 958. He cites to Black v. Martin (1930), 88 Mont. 256, 292 P. 577, however, for the proposition that an exception to the general rule that negligence of a driver may not be imputed to a passenger exists where the passenger in some way actively participates in the driver's negligence. From that premise, McGinnis argues that genuine issues of material fact exist regarding whether Danielle actively participated in Hand's alleged negligence by encouraging her to engage in the high-speed chase, allowing it to happen and taking no steps to prevent it.

¶21. In support of her motion for summary judgment, Danielle submitted her

affidavit stating that she had no knowledge Hand was going to attempt to evade McGinnis and that she did not consent, aid or agree to Hand's conduct in attempting to evade McGinnis. Under <u>Black</u>, Danielle's affidavit establishes the absence of genuine issues of material fact regarding whether she actively participated in Hand's conduct of engaging in the high-speed chase.

¶22. McGinnis asserts, however, that his affidavit controverts Danielle's statements that she did not consent to, aid in or agree to Hand's conduct and raises genuine issues of material fact precluding summary judgment in Danielle's favor. We disagree.

¶23. McGinnis' affidavit states the following:

When I approached the vehicle (the Mercury) before the chase, all of the girls were giggling and laughing and seemed to be enjoying themselves. After chasing the car and when I was finally able to get the car to come to a stop, each of the Defendant girls acted as though it was all a lark, and they were simply having a fun and exciting time . . . . Danielle Aldridge certainly assisted and encourage [sic] the high speed chase which led to my injuries . . . . She was fully aware that Jennifer Hand was going to evade me, and she encourage [sic] it and delighted in it.

¶24. First, McGinnis' statement that, prior to the high-speed chase, the three girls were laughing and appeared to be enjoying themselves does not constitute substantial evidence that Danielle encouraged or actively participated in Hand's subsequent conduct of driving off at a high rate of speed. It is speculative to assume that, because Danielle was laughing before the chase, she necessarily was involved in Hand's decision to drive away at high speed. Similarly, and contrary to McGinnis' assertion, the fact that Danielle appeared to be enjoying herself when the vehicle was stopped after the chase does not raise a genuine issue of fact that she encouraged Hand to engage in the chase.

¶25. McGinnis' additional affidavit statements that Danielle "certainly assisted and encouraged" the high-speed chase and "was fully aware" that Hand was going to attempt to evade McGinnis also do not raise a genuine issue of material fact. As stated above, mere speculation or conclusory statements are not sufficient to raise a genuine issue of material fact because they are not evidence of a substantial nature. <u>Klock</u>, 284 Mont. at 174, 943 P.2d at 1266. There is no indication in his affidavit of

the information on which McGinnis bases these statements; while the statements clearly reflect McGinnis' opinions and conclusions, they contain no facts. Thus, the statements are conclusory and do not constitute evidence of a substantial nature which raises a genuine issue of material fact regarding whether Danielle actively participated in Hand's alleged negligence in attempting to evade McGinnis.

¶26. McGinnis also contends that Danielle is liable under a negligent entrustment theory because she gave Hand--who he asserts was underage and not licensed to drive a car--permission to drive the Mercury on the morning of March 10, 1992. In essence, this is an argument that Danielle supplied Hand with the Mercury and knew or should have known that Hand would use it in a manner involving unreasonable risk of physical harm. See Williams, 265 Mont. at 114, 874 P.2d at 1227.

¶27. Danielle's affidavit states that she had no knowledge Hand was going to attempt to evade McGinnis. Thus, it meets Danielle's burden of establishing the absence of genuine issues of material fact regarding her knowledge that Hand was going to use the Mercury in a manner involving unreasonable risk of physical harm.

¶28. In response, McGinnis argues that, because Hand was underage and not licensed to drive, she was incompetent to be driving the Mercury and Danielle knew or should have known that Hand, not being competent to drive, would be likely to drive the vehicle in a manner which would create an unreasonable risk of physical harm. We conclude, however, that McGinnis failed to present any substantial evidence in support of this assertion.

¶29. McGinnis' affidavit contains no evidence establishing that Hand was underage for driving purposes or that she was not licensed to drive. Moreover, even evidence to that effect, without more, would be insufficient to establish a lack of competence to operate the vehicle in a reasonable and prudent manner. See Williams, 265 Mont. at 114, 874 P.2d at 1227 (citation omitted). Nor does the affidavit contain evidence that Hand was not competent to drive or that she had a reputation for negligent driving. Finally, the affidavit does not contain evidence that Danielle knew or should have known that Hand would attempt to evade McGinnis by engaging in the high-speed chase. We conclude that McGinnis failed to come forward with substantial evidence raising a genuine issue of material fact that Danielle knew or should have known that Hand was not competent to drive or that she would drive the Mercury in a manner which would create an unreasonable risk of physical harm.

**¶30. We have concluded that, on this record, no genuine issues of material fact exist regarding the negligence of either Pamela or Danielle in light of the substantive law governing McGinnis' claims against them. We hold, therefore, that the District Court did not err in granting summary judgment to Pamela and Danielle.**

**¶31. Affirmed.**

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER