**CLARENCE HERRON,**
Plaintiff and Appellant,
v.
**COLUMBUS HOSPITAL,**
Defendant and Respondent.

No. 96-588.
Submitted on Briefs April 24, 1997.
Decided August 14, 1997.
54 St.Rep. 840.
284 Mont. 190.
943 P.2d 1272.

For Appellant: **Jeff R. Lynch**; Lynch Law Firm, Great Falls.

For Respondent: **James R. Walsh**; Smith, Walsh, Clarke & Gregoire, Great Falls.

JUSTICE GRAY delivered the Opinion of the Court.

Clarence Herron (Herron) appeals from the judgment entered by the Eighth Judicial District Court, Cascade County, on its order

granting the motion for summary judgment filed by Columbus Hospital (Hospital). We affirm.

The issue on appeal is whether the District Court erred in granting the Hospital's motion for summary judgment.

## FACTUAL BACKGROUND

Herron filed a complaint against the Hospital alleging that he had been injured by a set of automatic doors while attempting to enter the main entrance of the North Central Montana Professional Building (Professional Building), which is owned by the Hospital. Herron further alleged that the Hospital had notice that these automatic doors were defective. In its answer, the Hospital denied having notice of any defect in the doors and also denied that Herron suffered any damages as the result of his alleged injury.

The Hospital subsequently moved for summary judgment on the basis that no evidence existed that it had either actual or constructive knowledge of any defective condition regarding the automatic doors at issue and, absent such knowledge, it could not be held liable for any injuries suffered by Herron. In support of its motion, the Hospital submitted the affidavit of its assistant plant engineering director, Walter C. Williams (Williams).

Herron opposed the Hospital's motion, contending that genuine issues of material fact existed regarding whether the Hospital had actual or constructive knowledge that the doors at the main entrance to the Professional Building were defective. He filed the affidavit of Lyle Skinner (Skinner), an employee in the Hospital's maintenance department, in support of his position.

The Hospital requested the District Court to delay ruling on its summary judgment motion until such time as it could depose Skinner. Following Skinner's deposition, the Hospital renewed its motion, relying on Skinner's deposition. The District Court heard oral arguments and, thereafter, granted the Hospital's motion for summary judgment. Herron appeals.

## STANDARD OF REVIEW

■ Our standard in reviewing a district court's summary judgment ruling is *de novo*; we use the same Rule 56 M.R.Civ.P., criteria as the district court. *Clark v. Eagle Systems, Inc.* (1996), 279 Mont. 279, 282, 927 P.2d 995, 997 (citations omitted). Rule 56(c), M.R.Civ.P., provides that

[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party seeking summary judgment must establish both the absence of any genuine issue of material fact which would allow the nonmoving party to recover and entitlement to judgment as a matter of law. *Clark*, 927 P.2d at 997-98 (citations omitted). If the party seeking summary judgment meets this initial burden, the nonmoving party must come forward with substantial and material evidence raising a genuine issue of material fact. *Clark*, 927 P.2d at 998 (citation omitted). "[A]ll reasonable inferences that might be drawn from the offered evidence should be drawn in favor of the party who opposed summary judgment." *Clark*, 927 P.2d at 998 (citations omitted).

## DISCUSSION

Did the District Court err in granting the Hospital's motion for summary judgment?

■ Herron's complaint alleged a cause of action based on premises liability. In Montana, a property owner may be held liable for injuries sustained on its premises if it knew or should have known of the dangerous or defective condition on the premises which caused the injuries and failed to provide warning of the condition. *Buskirk v. Nelson* (1991), 250 Mont. 92, 96, 818 P.2d 375, 378.

Herron argues that the Hospital failed to satisfy its initial burden of establishing the lack of genuine issues of material fact and, in addition, that he presented evidence to the District Court which clearly raised a disputed issue of fact. Specifically, Herron contends that the Williams affidavit did not establish that the automatic doors at issue did not constitute a dangerous or defective condition and that Skinner's affidavit established that at least one Hospital employee knew or believed that the doors were defective, thus imputing at least constructive notice of the defective condition of the doors to the Hospital.

At the outset, we note that Herron's argument that Williams' affidavit did not establish that the doors at issue were not dangerous or defective misstates the basis of the Hospital's motion for summary judgment and the District Court's ruling. In its motion, the Hospital addressed the "knowledge" allegation in Herron's complaint by asserting that it did not have knowledge that the doors at issue were defective; it did not contend that the doors were not defective. The

District Court granted summary judgment on the basis that no genuine issues of material fact existed with regard to any knowledge by the Hospital that the main entrance doors to the Professional Building were in a defective condition. Thus, we must determine whether a genuine issue of material fact exists on the record before us regarding the Hospital's knowledge of the defective condition of the automatic doors at the main entrance to the Professional Building.

■ The Hospital submitted Williams' affidavit to establish that no material factual issues existed regarding any knowledge by it that the automatic doors at the main entrance of the Professional Building were defective. Williams stated that he had been employed as assistant plant engineering director for the Hospital for eight and one-half years; that the main entrance to the Professional Building was equipped with two sets of Horton automatic doors; that, to the best of his knowledge, no complaints had ever been made regarding these doors; and that no work orders existed for any work ever done to these doors. Williams also stated that the Horton automatic doors had been installed in February of 1990, and were checked approximately every 90 days, and that no defects had been discovered prior to the date of Herron's alleged injury. Williams' affidavit clearly satisfied the Hospital's initial burden of establishing the absence of genuine issues of material fact regarding its lack of knowledge that the Professional Building doors were defective.

■ The Hospital having satisfied its burden as the party moving for summary judgment, Herron was required to come forward with evidence, by way of affidavits or other sworn testimony, which raised genuine issues of material fact. *See HKM Assoc. v. Northwest Pipe Fittings, Inc.* (1995), 272 Mont. 187, 193, 900 P.2d 302, 305-306. Herron submitted Skinner's affidavit and, in response thereto and in further support of its motion, the Hospital submitted portions of Skinner's later deposition which were inconsistent with his affidavit. We consider both together in determining whether Herron raised a genuine issue of material fact regarding the Hospital's knowledge of a dangerous or defective condition in the Horton doors at the main entrance to the Professional Building.

Skinner's affidavit states that he was frequently called to respond to work orders or complaints regarding the automatic doors at the Professional Building. In his deposition, however, Skinner testified that the only automatic door systems he worked on at the Hospital were Stanley mechanisms on doors located in a different Hospital building and that he had never had occasion to work on the Horton

doors at the Professional Building. Skinner's deposition testimony clearly contradicts his affidavit in these regards.

Skinner also states in his affidavit that, on many occasions prior to the date of Herron's alleged injury, he had advised Williams of complaints regarding the automatic doors at the Professional Building. Skinner testified in his deposition, however, that, although he had discussed problems regarding Stanley mechanisms on doors in another Hospital building with Williams, he and Williams had never discussed problems with the Horton automatic doors at the main entrance to the Professional Building or any other Horton automatic doors. Skinner further testified that he had never discussed problems with the Horton automatic doors with anyone else at the Hospital. Again, Skinner's deposition testimony negates the statements in his affidavit.

█ When statements in an affidavit submitted pursuant to Rule 56(e), M.R.Civ.P., are repudiated in a later deposition, the affidavit statements do not raise a genuine issue of material fact. *In Matter of Estate of Michael* (1994), 264 Mont. 261, 266, 871 P.2d 272, 274. Because Skinner's deposition testimony clearly contradicts the portions of his earlier affidavit discussed above, those affidavit statements do not raise a genuine issue of material fact.

Only two portions of Skinner's affidavit remain which might establish the existence of a genuine issue of material fact regarding the Hospital's knowledge and preclude summary judgment. Skinner states that

[b]ased upon a variety of factors including normal use, and the effect of wind conditions on the operation of the automatic doors at the Columbus Professional Building, I became aware, as I believe my supervisors were, that the automatic doors would frequently malfunction and open and close at irregular times, as well as close suddenly and unexpectedly.

He further states that he believes most, if not all, of the Hospital's maintenance personnel were aware that the automatic doors used by the Hospital, including the doors in the Professional Building, occasionally malfunctioned. In his deposition, however, Skinner testified that those affidavit statements were based on his experience with the automatic doors at the Hospital on which he did work. The doors on which he worked utilized Stanley opening mechanisms rather than Horton mechanisms.

█ Herron's complaint alleged that the Hospital had notice that the doors which allegedly injured him—that is, the doors at the main entrance to the Professional Building which utilized Horton opening mechanisms—were defective. Because Skinner had no experience

with, and never worked on, the Horton door mechanism, his statement that he was aware that the automatic doors would frequently malfunction is not based on personal knowledge.

An affidavit submitted in a summary judgment proceeding must be based on the affiant's personal knowledge of the facts set forth. Rule 56(e), M.R.Civ.P. If an affidavit does not comply with the requirements of Rule 56(e), it does not raise a genuine issue of material fact as a matter of law. *Cooper v. Sisters of Charity* (1994), 265 Mont. 205, 208, 875 P.2d 352, 354. Comparing Skinner's affidavit with his deposition testimony, we conclude that the affidavit was not sufficient to raise genuine issues of material fact because it was not based on personal knowledge of the condition of the specific doors which allegedly injured Herron.

■ In addition, insofar as Skinner's statement purports to relate to the Horton doors at the main entrance to the Professional Building, the statement is entirely speculative, as is his affidavit statement that he "believed" his supervisors and other maintenance personnel were aware of the malfunction of the automatic doors at issue. Speculative statements are not sufficient to establish the existence of a genuine issue of material fact precluding summary judgment. *HKM Assoc.*, 900 P.2d at 306.

We conclude that Skinner's affidavit does not establish the existence of a genuine issue of material fact regarding the Hospital's actual or constructive knowledge that the automatic doors at the main entrance to the Professional Building were defective. Because Herron provided no other evidence or testimony, we further conclude that Herron did not meet his burden of establishing that a genuine issue of material fact exists.

As set forth above, a claim based on premises liability requires proof that the property owner had actual or constructive knowledge, or should have known, of the dangerous or defective condition which caused the plaintiff's injury. *See Buskirk*, 818 P.2d at 378. In this case, Herron alleged that the Hospital knew that the automatic doors at issue were defective. Since the Hospital established that no genuine issue of material fact existed regarding its lack of knowledge of the defective condition of the automatic doors at issue, we conclude that the Hospital is entitled to summary judgment as a matter of law.

We hold that the District Court did not err in granting the Hospital's motion for summary judgment.

Affirmed.

CHIEF JUSTICE TURNAGE, JUSTICES NELSON, REGNIER and HUNT concur.