No. 98-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 61N

RICHARD DIX,

Plaintiff and Appellant,

v.

RAY McKINLEY, JR., individually and d/b/a

McKINLEY CONSTRUCTION, INC., a Montana

corporation; CHAMPION INTERNATIONAL

CORPORATION, a foreign corporation and

DOES ONE through FIVE,

Defendants and Respondents.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard J. Pyfer; Small, Hatch, Doubeck & Pyfer, Helena, Montana

For Respondents:

Paul C. Meismer; Carey, Meismer & McKeon, Missoula, Montana

(for Ray McKinley, Jr., Individually and d/b/a McKinley Construction, Inc.)

C. W. Leaphart; The Leaphart Law Firm, Helena, Montana

(for Champion International Corporation)

Submitted on Briefs: February 11, 1999

Decided: March 30, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Richard Dix (Dix) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on its order granting the motions for summary judgment filed by Ray McKinley, Jr., d/b/a McKinley Construction, Inc., (McKinley) and Champion International Corporation (Champion). We affirm.**

**¶3. The sole issue on appeal is whether the District Court erred in granting summary judgment to McKinley and Champion.**

## BACKGROUND

**¶4. In April of 1990, McKinley contracted with Champion to build roads on land owned by Champion near Lolo, Montana. Some of the road work was to be done in the Cloudburst Creek drainage. McKinley completed the work in July of 1990,**

Champion inspected and accepted the work, and McKinley was paid under the contract. McKinley did no other road work in the Cloudburst Creek area after July of 1990.

¶5. In 1993, Champion sold some of its land, including the Cloudburst Creek area, to Plum Creek Timber Company (Plum Creek). Plum Creek then contracted with Barry Smith Logging to have timber harvested from its newly acquired land. Dix worked for Barry Smith Logging as a sawyer and was part of the logging crew assigned to complete the work under the Plum Creek contract.

¶6. On February 23, 1994, Dix was working alone cutting timber near Cloudburst Creek when a tree behind him fell, hitting him on the head and neck. The tree which hit Dix was a "leaner;" that is, the tree had been knocked over or cut, but caught by other trees rather than falling to the ground. Although Dix returned to work four days after the incident and worked for approximately a year thereafter, he eventually stopped working as a result of severe headaches and other physical problems which he attributed to having been struck by the tree.

¶7. Dix subsequently filed this action against McKinley and Champion asserting claims for general negligence and breach of the nondelegable duty to provide a safe workplace, and requesting damages for the injuries he sustained when the tree fell on him. His complaint alleged that the leaner tree which fell on him had been cut by a McKinley employee while doing the road work for Champion in 1990. The complaint further alleged that the contract between McKinley and Champion required McKinley to remove all leaner trees resulting from clearing timber to make the roadway, McKinley failed to remove the leaner tree which purportedly injured Dix and Champion failed to adequately supervise McKinley's work to ensure that all leaner trees were removed. McKinley and Champion answered the complaint and conducted discovery, following which they both moved for summary judgment on all claims asserted by Dix. The District Court granted the summary judgment motions and entered judgment accordingly. Dix appeals.

## DISCUSSION

¶8. Did the District Court err in granting summary judgment to McKinley and Champion?

¶9. The District Court determined that Dix's claims that McKinley and Champion breached nondelegable duties to provide him with a safe place to work failed because, since Dix was not employed by either defendant at the time he was injured and neither defendant had interest in or control over the property at the time of the accident, neither McKinley nor Champion had a duty to provide Dix with a safe place to work. The District Court also concluded that Dix's general negligence claims failed because he presented no substantial evidence connecting the presence of the leaner tree which allegedly injured him to any prior action or omission by either McKinley or Champion. Dix appeals only that portion of the District Court's order which granted summary judgment on his general negligence claims.

¶10. We review a district court's summary judgment ruling *de novo*, using the same Rule 56, M.R.Civ.P., criteria applied by that court. Herron v. Columbus Hosp. (1997), 284 Mont. 190, 192, 943 P.2d 1272, 1274 (citation omitted). The party moving for summary judgment bears the initial burden of establishing the absence of genuine issues of material fact and entitlement to judgment as a matter of law. Herron, 284 Mont. at 193, 943 P.2d at 1274. If the moving party meets this burden, the nonmoving party must then come forward with material and substantial evidence establishing the existence of genuine issues of material fact precluding summary judgment. Herron, 284 Mont. at 193, 943 P.2d at 1274.

¶11. In their motions for summary judgment on Dix's general negligence claims, McKinley and Champion argued that, based on the depositions and affidavits of record, there were no genuine issues of material fact regarding whether the leaner tree which allegedly injured Dix was a result of McKinley's work building the road in 1990 and, consequently, that Dix could not establish that any act or omission by McKinley or Champion was the cause of his injuries. On that basis, McKinley and Champion asserted that they were entitled to judgment as a matter of law.

¶12. Dix testified in his deposition that, when he went back to work four days after the accident, he located and examined the tree which had struck him. He further testified that the tree had been cut using a technique known as an "overhand cut" and that the cut had been made so that the tree would fall away from--or perpendicular to--the road. McKinley testified in his deposition, however, that the sawyers he employed used a Humboldt cut exclusively when felling trees to clear the right-of-way for building the roads under the 1990 contract with Champion and that, if a tree were found with something other than a Humboldt cut, it had not been felled

by one of his sawyers during the 1990 project. The two cutting techniques are visually distinct from each other; a tree felled with a Humboldt cut has a flat surface on the cut end, while a tree felled with an overhand cut has a slightly angled surface on the cut end. Moreover, McKinley testified that his sawyers working on the 1990 project cut all of the trees to fall parallel--rather than perpendicular--to the right-of-way. Thus, even taking Dix's deposition testimony as true, McKinley's testimony is sufficient to establish the absence of genuine issues of material fact regarding whether the leaner tree at issue here was cut by McKinley or his employees under the 1990 road construction contract with Champion.

¶13. In opposition to the motions for summary judgment, Dix submitted his affidavit stating he had worked on McKinley road-building crews in the past and that those crews used overhand cuts, rather than Humboldt cuts, to fell trees where there were rocks or other obstructions making a Humboldt cut impracticable. He argues that his affidavit establishes that McKinley's employees did not use Humboldt cuts exclusively and raises a genuine issue of material fact regarding whether the leaner tree which allegedly injured him was felled by a McKinley employee while building the road for Champion in 1990.

¶14. The problem with Dix's affidavit is that it pertains only to his experience working for McKinley on projects other than the 1990 road project. McKinley's testimony that his employees used Humboldt cuts exclusively related specifically to the work done under the 1990 contract with Champion. Thus, Dix's affidavit--relating only to other McKinley projects--does not controvert McKinley's testimony regarding the 1990 project. Moreover, Dix presented no evidence controverting McKinley's testimony that all of the trees felled to clear the right-of-way for the 1990 project were cut to fall parallel to the road and that a tree cut to fall perpendicular to the road could not have been cut by his employees during that project.

¶15. On this record, we conclude that Dix failed to come forward with substantial and material evidence raising a genuine issue of material fact that the leaner tree was cut by McKinley or his employees during the 1990 road construction project. We further conclude that, because McKinley and Champion established the absence of genuine issues of material fact in that regard, they are entitled to summary judgment on Dix's general negligence claims as a matter of law. As a result, we hold that the District Court did not err in granting summary judgment to McKinley and Champion.

## ¶16. Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER