JUSTICE GRAY,
specially concurring.
¶20 I concur in the Court’s overall result on both Bigback’s discrimination claim and her retaliation claim. However, I would reach both results under different analyses than those used by the Court.
¶21 In moving for summary judgment, St. Labre asserted that the District Court’s exercise of jurisdiction over the case would violate its right to free exercise of religion under the United States and Montana Constitutions and, alternatively, that Bigback could not establish a prima facie case of discrimination under §§ 49-2-303 and 49-2-301, MCA. The District Court concluded it could not hear the case without interfering with St. Labre’s legitimate claim to free exercise of religion and granted St. Labre summary judgment on that basis. As a result of its conclusion on the threshold constitutional freedom of religion issue, the court did not address St. Labre’s alternative argument. Bigback contends the District Court erred in granting summary judgment to St. Labre. St. Labre argues, on the other hand, that the District Court correctly granted summary judgment based on its constitutional right to free exercise of religion and also reiterates its alternative argument that Bigback cannot establish a prima facie case of discrimination.
¶22 We previously have set forth two tests under which summary judgment motions in discrimination cases are to be analyzed. One test, developed in Heiat v. Eastern Montana College (1996), 275 Mont. 322, 912 P.2d 787, is applied in cases where the employer’s alleged discriminatory intent can be established only through circumstantial evidence. Reeves v. Dairy Queen, Inc., 1998 MT 13, ¶ 15, 287 Mont. 196, ¶ 15, 953 P.2d 703, ¶ 15. The other test is applied in what are termed “direct evidence” cases, where the reason for the employer’s action is not disputed, but the parties dispute whether the action constitutes illegal discrimination. Reeces, ¶¶ 16-18. Here, the parties dispute the reason for Bigback’s termination and, consequently, this is a *22 circumstantial evidence case which must be analyzed under the Heiat summary judgment test.
¶23 Under the Heiat test applicable to an employer’s summary judgment motion in a circumstantial evidence discrimination case, the plaintiff’s complaint first must allege a prima facie case of discrimination. Heiat, 275 Mont. at 331, 912 P.2d at 793. A prima facie case of discrimination is sufficiently stated via allegations that the plaintiff is a member of a protected class, the plaintiff was performing her job satisfactorily and the employer engaged in specified conduct which constituted discrimination against plaintiff as part of the protected class. See Heiat, 275 Mont. at 331, 912 P.2d at 793, Reeves, ¶ 21; Clark v. Eagle Systems, Inc. (1996), 279 Mont. 279, 286, 927 P.2d 995, 999. If aprima facie case is alleged, the employer must come forward with a legitimate nondiscriminatory reason for the action at issue. Heiat, 275 Mont. at 331, 912 P.2d at 793. If the employer establishes a nondiscriminatory reason, the plaintiff then must produce evidence that establishes her prima facie case, as well as evidence which raises an inference that the employer’s asserted nondiscriminatory reason is pretextual. Heiat, 275 Mont. at 331-32, 912 P.2d at 793.
¶24 Against this backdrop, it is my view that the proper approach in this case is to review Bigback’s four-paragraph complaint in the District Court to determine whether it alleges a prima facie case of marital status or sex discrimination or retaliation. The first paragraph of Bigback’s complaint alleges the beginning and ending dates of her employment with St. Labre, that the MHRC issued her a right-to-sue letter and that the complaint is filed pursuant to § 49-2-509, MCA. The right-to-sue letter was attached and incorporated into the complaint; it contained no factual allegations. The second paragraph of Bigback’s complaint states — correctly—that § 49-2-303, MCA, prohibits discrimination in employment on the basis of marital status and sex and § 49-2-301, MCA, prohibits retaliation against an employee for being a witness or opposing any practices prohibited by the statutes regarding discriminatory practices. The paragraph then alleges Bigback assisted Jeanne Hanic in filing a complaint against St. Labre with the MHRC and was a witness on Hanic’s behalf in that proceeding. Finally, the paragraph alleges in one sentence that Bigback “was terminated because of her marital status, sex or retaliation or all three.” The third paragraph of Bigback’s complaint sets forth the relief sought in the form of injunctive relief and monetary damages, and the fourth paragraph requests attorney fees and costs.
*23 ¶25 With regard to the allegation of marital status and sex discrimination, Bigback’s complaint does not allege any conduct on the part of St. Labre which would constitute such discrimination. As stated above, to allege a prima facie case of discrimination, the complaint must allege specified conduct which forms the basis for the alleged discrimination. See Heiat, 275 Mont. at 331, 912 P.2d at 793; Reeves, ¶ 21; Clark, 279 Mont. at 286, 927 P.2d at 999. Absent any factual allegations regarding conduct by St. Labre which constituted marital status or sex discrimination, Bigback’s complaint fails to allege a prima facie case of marital status or sex discrimination under § 49-2-303(l)(a), MCA, as required by the first prong of the Heiat test and I would resolve her discrimination claim on that basis, rather than proceeding to the merits as the Court does in reliance on her deposition testimony.
¶26 With regard to Bigback’s retaliation claim, I disagree that she abandoned it on appeal. While the retaliation claim is certainly not the focal point of Bigback’s brief, she does quote the retaliation statute and asserts she was retaliated against. St. Labre responds that the record contains no evidence supporting the retaliation claim. Therefore, it is my view that this claim should be addressed and resolved under the Heiat test.
¶27 Bigback’s complaint alleges that she was terminated in retaliation for assisting with, and being a witness in, Hanic’s human rights complaint against St. Labre. I conclude that this sufficiently alleges a prima facie case of retaliatory termination under § 49-2-301, MCA, to satisfy the first prong of the Heiat test. As a result, St. Labre is required to come forward with evidence establishing a legitimate nondiscriminatory — or nonretaliatory — reason for Bigback’s termination. See Heiat, 275 Mont. at 331, 912 P.2d at 793. In support of its summary judgment motion, St. Labre submitted the deposition of Fr. Hoffman, Bigback’s supervisor at St. Labre. Fr. Hoffman testified that Bigback was not actually terminated but, because Fr. Hoffman believed that Bigback’s employee assistance counselor position was no longer effective, her position was eliminated in favor of establishing a more formal personnel department. Fr. Hoffman further testified that, at the time Bigback’s employment with St. Labre ended, he was not aware that she had been involved with — or a witness in — Hanic’s human rights complaint and, accordingly, that was not the reason her position was eliminated. I conclude Fr. Hoffman’s testimony establishes a legitimate nondiscriminatory reason for Bigback’s termination and satisfies the second prong of the Heiat *24 test. The burden then shifts back to Bigback to produce evidence establishing a prima facie case of retaliation and raising an inference that St. Labre’s stated reason for her termination is pretextual. Heiat, 275 Mont. at 331-32, 912 P.2d at 793. On this record, Bigback did not meet her burden.
¶28 Susan Scbipman, Fr. Hoffman’s executive secretary, testified via her deposition that she knew Bigback had assisted with and testified in Hanic’s discrimination complaint and may have discussed other aspects of those complaint proceedings with Fr. Hoffman. She did not know, however, whether Fr. Hoffman was aware of Bigback’s involvement in the proceedings. Bigback’s deposition testimony stated she had never been told her position was eliminated as a result of her involvement in Hanic’s discrimination complaint; nor could she state a reason why she believed she was terminated for that involvement. Finally, when asked whether anyone at St. Labre knew of her involvement in Hanic’s complaint, she stated that Schipman “probably” knew, but she did not testify that Fr. Hoffman knew or even “probably” knew.
¶29 The third prong of the Heiat test, requiring the plaintiff to produce evidence establishing a prima facie case of discrimination, as well as evidence raising an inference of pretext, corresponds to the general Rule 56, M.R.Civ.P., burden on the nonmoving party to come forth with evidence raising a genuine issue of material fact to survive a motion for summary judgment. Heiat, 275 Mont. at 333, 912 P.2d at 794. In that regard, the evidence required to meet this burden and preclude summary judgment must be of a substantial nature; mere denial, speculation or conclusory statements are insufficient. McGinnis v. Hand, 1999 MT 9, ¶ 18, 293 Mont. 72, ¶ 18, 972 P.2d 1126, ¶ 18. Bigback presented no substantial evidence that Fr. Hoffman was aware she assisted with, and was a witness in, Hanic’s discrimination complaint, let alone that her involvement was the basis for her termination from St. Labre. At most, her evidence in this regard was mere speculation and insufficient to meet her burden of presenting evidence establishing a prima facie case of retaliation and raising an inference of pretext as required under the third prong of the Heiat test.
¶30 On these bases, I join the Court in concluding that the District Court did not err in granting summary judgment to St. Labre on Bigback’s claims.